John Myers v. L. A. Clearman and A. E. Hofer, Sheriff, Appellants.

125  461<br>f143  505

**Assault:** HABEAS CORPUS.  In a habeas corpus proceeding, the evidence is reviewed and held, that the issue presented was whether the accused intended to commit an indictable offense or merely to produce fright, and as the record was such as to leave either inference open, a finding that no indictable offense had been committed is conclusive on appeal.

**Assault with intent to do great bodily harm.**  Where the acts done constitute an assault and battery, to convict of assault with intent to do great bodily harm, there must appear at least some adaptation, real or apparent, of the acts and means employed to the accomplishment of the alleged purpose.

**Same.** . The pointing of a revolver accompanied with threats of shooting, is in the nature of an assertion that it is loaded, and will justify a finding to that effect unless otherwise shown by the defendant.

**Prosecution before justice.**  Whether the court in habeas corpus proceedings has power to direct a prosecution for a lesser offense before a justice, will not be reviewed on appeal.

*Appeal from Johnson District Court.*— Hon. O. A. Byington, Judge.

Thursday, October 27, 1904.

The plaintiff was arrested on preliminary information charging him with having assaulted his wife, Anna Meyers, with intent to inflict great bodily harm.   On hearing, he was bound over to the grand jury, and executed a bond for his appearance.   Thereafter the surety on the bond delivered him to the sheriff, and he then sued out a writ of *habeas corpus.*   On the return made, a hearing was had, and an order of discharge entered.   The State appeals.— *Affirmed.*

*Baldwin & Fairchild,* for appellants.*

*Holbert & Holbert,* for appellee.

LADD, J.— It appeared from the evidence that the accused and his wife, who had not lived together for some time, were on the way to the mayor's office with the view of adjusting their difficulties. She was some steps behind, and, without warning, he turned and struck her on the face and neck. Shortly afterwards he pointed a revolver at her, with the remark that he would fill her so full of holes that daylight would shine through her. He did not shoot, and there was no other showing as to whether the revolver was loaded. The blow was not severe enough to amount to more than a battery; and pointing the gun, as it put her in fear, was at least an assault. *State v. Shepard,* 10 Iowa, 126. His words, if alone considered, were no more than a threat, evidently intended, with the pointing of the revolver, to produce fright. Had he designed to injure her by shooting, there was nothing to prevent him from doing so. From the fact that he did not, even under the circumstances disclosed, the judge might have inferred that such was not his purpose. *Davis v. State,* 25 Fla. 272 (5 South. Rep. 803).

*1. ASSAULT: habeas corpus.*

To convict one of a higher grade of crime, as assault with intent to commit great bodily harm or some felony, there must at least be some adaptation, real or apparent, of the act done and the means used to accomplish the alleged purpose. *State v. Malcolm,* 8 Iowa, 413; *Lynn v. State,* 33 Tex. Cr. R., 153, (23 S. W. Rep. 689); *Mullen v. State,* 45 Ala. 43 (6 Am. Rep. 691); *Kunkle v. State,* 32 Ind. 220. See note to *State v. Swails,* 65 Am. Dec. 772. It is not necessarily to be inferred from the pointing of the revolver, with what was said, that it was loaded, or that he intended to discharge it, for it could have served the purpose of producing fright quite as well if not loaded. *State v. Napper,* 6 Nev. 113.

*2. ASSAULT WITH INTENT TO DO GREAT BODILY HARM.*

On the other hand, as the accused had struck his wife

a blow immediately before pointing the revolver at her, and accompanied this last act with the threat quoted, he is not

**3. SAME.** in a situation to complain if from these facts it should have been found that he intended to do precisely what he threatened, and that the revolver was in a condition essential to enable him to do what he said he would. *Lynn v. State, supra.* In other words, his act, accompanied by the threat, was in the nature of an assertion that the revolver was loaded, and, without other evidence, was sufficient to justify a finding to that effect. If it was otherwise, the onus was on the accused to introduce proof of the fact, as the evidence was peculiarly within his control. *Crow v. State,* 41 Tex. 468; *Keefe v. State,* 19 Ark. 192; *Beach v. Hancock,* 27 N. H. 223 (59 Am. Dec. 373); *Richels v. State,* 1 Sneed (Tenn.) 606; *Burton v. State,* 3 Tex. Cr. R. 408 (30 Am. Rep. 146). In *State v. Herron,* 12 Mont. 230 (29 Pac. Rep. 819, 33 Am. St. Rep. 576), the court, after reviewing the authorities, concludes the better opinion is that " if a firearm is the alleged deadly weapon — a weapon the only ordinary use of which is by its being loaded — if it be pointed at the complainant in a threatening manner, if defendant make threats to shoot, if the circumstances are such as would exist if one were using a loaded gun — in short, that if all the elements of the offense be made out, as required by the criminal laws and procedure, except the direct, we may say visual, proof that the weapon is loaded — under these circumstances a direction to the jury to acquit is error; and the fact that the gun was unloaded, if such be the fact, is a matter of defense." See, *contra, State v. Napper,* 6 Nev. 113. The case differs from those in which there was a conditional threat, and in which the contingency did not occur, and there was no actual intent to execute the threat. See *Hairston v. State,* 54 Miss. 689 (28 Am. Rep. 392). To justify anything more than a finding that an assault has been committed, the intent must be

actual, not contingent, and such that, had it not been changed or interrupted, effect would have been given to it.

The issue presented to the court, then, was whether the accused, in aiming his revolver at his wife, intended to inflict great bodily harm, or some more serious offense, or did this merely with the purpose of frightening her. The record, as said, was such as to leave either inference open, and, as the hearing on *habeas corpus* is by ordinary proceedings, we are not at liberty to interfere with the conclusion reached. *Drumb v. Keen,* 47 Iowa, 435; *Ex rel. Shaw v. Nachtwey,* 43 Iowa, 653; *Bonnett v. Bonnett,* 61 Iowa, 199; *Kuhn v. Breen,* 101 Iowa, 665. As the court found there was not good reason for believing an indictable offense had been committed, there was no error in entering the order of discharge.

Appellants insist that prosecution for lesser offenses before a justice of the peace should have been directed, and rely on section 5237 of the Code. That has reference to

4. PROSECUTION BEFORE JUSTICE. hearings on preliminary information, and not to *habeas corpus* proceedings.

Section 4453 authorizes the court or judge in a proceeding like this to hold the accused to bail, but not for offenses triable in justice court. Whether the court possessed the power to direct the prosecution of the petitioner in justice court need not be considered. At the most, such a course was discretionary, and will seldom, if ever, be essential in order to secure the proper administration of justice. — *Affirmed.*