## BARNES v. NELSON.

Where a person arrested for extradition under executive warrant seeks his discharge on habeas corpus, and denies that he is the person against whom such warrant is issued, the burden of proof as to his identity is on the state seeking his extradition.

Where relator in habeas corpus, to test the validity of extradition proceedings, sets out his true name and denies that he is the person named in such proceedings as "H., alias S.," the mere return of the officer that he "arrested the above-named relator designated in said warrant as H., alias S.," is insufficient evidence of relator's identity of the person charged with the crime.

(Opinion filed, May 7, 1909.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Habeas corpus by A. P. Barnes against C. M. Nelson. From a judgment for defendant, plaintiff appeals. Reversed.

*Joe Kirby,* for appellant.

When a party arrested for extradition under the Executive's warrant, seeks his liberty on habeas corpus alleging that he is not the person against whom such warrant is issued the burden of proof to show his identity, is upon the state seeking his deportation. People v. Byrnes, 33 Hun. 98; Johnston v. Riley, 13 Ga. 97: State v. Bates, 112, N. W. 260; 5 Enc. Ev. 724; 8 Enc. Pl. & Pr. 824. A person charged in any state with treason, felony, or other crime, and shall flee from justice, and be found in another state, shall, on demand of the Executive authority of the state from which he fled be delivered up. Art. 4, Sec. 2, Const. U. S. Under this constitutional provision Congress passed the Act (U. S. Rev. Sts. 5278) providing that the demanding state must, through its executive present to the Governor of the asylum State, a copy of the indictment found, charging the person demanded with having committed treason, felony, or other crime. It is just as essential that such conditions precedent are complied with, before a party can be removed to a foreign state, as it is that he should be indicted or propery informed against before he can be placed on trial for a criminal offense. In re Waterman, 89 Pac. 291; In re Todd, 12 S. D. 486; In re Corning, 51 Fed. 205; Re Terrill, 51 Fed. 213.

*A. F. Orr* and *Tom C. Smith,* for respondent. No brief filed.

CORSON, J.   This is an appeal by the petitioner and relator from the judgment in habeas corpus proceedings denying his application for a discharge from custody and remanding him to the custody of the defendant, as sheriff of Minnehaha county.   On May 19, 1908, the circuit court of Minnehaha county issued a writ of habeas corpus directed to the sheriff of that county, commanding him to have the body of the said petitioner, together with the time and cause of such imprisonment and detention, before the circuit court.   The defendant as such sheriff made his return, in which he states, in substance: That he was the duly elected and qualified sheriff of said county; that on the 18th day of May, 1908, there was duly issued and delivered to him for service a warrant or order of the Governor of this state, under and by virtue of the command of which "he arrested the above-named relator, A. P. Barnes, designated in said warrant as D. P. Hunter, alias J. F. Schrader, and took him into custody and so held him under the commands of said warrant."   The warrant of the Governor made a part of the return is in the usual form and requires the officer to arrest "D. P. Hunter, alias J. F. Schrader," and safely keep and deliver him to O. O. Rock, sheriff, who is authorized to receive him.   To this return the petitioner filed the following answer: "Comes now your petitioner, A. P. Barnes, and answers the return filed by the defendant herein and respectfully states and shows to this court: (1) That your petitioner's name is A. P. Barnes, and not D. P. Hunter, or J. F. Schrader, and that he is not the party mentioned or described in the executive warrant set forth in said defendant's return.   (2) That he is not a fugitive from justice from the state of Iowa, but is a resident of the state of South Dakota. * * * (4) That the executive authority of the state of Iowa has never demanded of the executive authority of this state the arrest or delivery of your petitioner, that there has never been produced to the executive authority of this state a copy of the indictment found, or any affidavit, made before a magistrate of said state of Iowa charging your petitioner with having committed treason, felony, or other crime against the laws of the state of Iowa, certified as authentic by the said Governor of the state of Iowa, or otherwise.   Wherefore your petitioner prays that

he be discharged from custody and granted his liberty. Joe Kirby, Attorney for Petitioner." This answer was duly verified by the said petitioner, as follows: "State of South Dakota, County of Minnehaha—ss.: I, the undersigned, being first duly sworn, do on oath depose and say that I am the petitioner above named, that I know the contents of the foregoing answer, and the same is true of my own knowledge. A. P. Barnes."

On the trial the defendant offered in evidence the affidavit of his excellency, Coe I. Crawford, Governor of this state, annexed to which was a copy of the requisition, indictment, and affidavit of Tom C. Smith, all of which were received in evidence. The requisition is in the usual form and requires the governor of this state to apprehend "D. P. Hunter, alias J. F. Schrader," and deliver him to O. O. Rock, who is authorized to receive him. The indictment is quite lengthy, and, in the view we take of the case, it will only be necessary to insert the following: "The grand jury of the county of Harrison accuse D. P. Hunter, alias J. F. Schrader, of the crime of obtaining by false pretenses a signature to a written instrument, the false making of which would be forgery committed as follows." The affidavit of Tom C. Smith states that said D. P. Hunter, alias J. F. Schrader, is a fugitive from justice. It is stated in the abstract that the papers mentioned in the affidavit of his excellency, Coe I. Crawford, consisting of the requisition, certificate of clerk, copy of indictment, and affidavit of Tom C. Smith, all of which were offered by the defendant and received in evidence, constituted the whole of the evidence presented to the honorable court.

The court rendered a judgment in which, after making certain recitals therein, it proceeds as follows: "And it appearing to the satisfaction of the court that the said petitioner, A. P. Barnes, was legally held upon a warrant issued by the Honorable Coe I. Crawford, Governor of the state of South Dakota, upon the requisition of the Honorable A. B. Cummins, Governor of the state of Iowa, and that the said warrant was sufficient in form and substance, and that said A. P. Barnes is a fugitive from justice charged with the crime of obtaining by false pretenses a signature to a written instrument the false making of which would be forgery, a felony

under the laws of the state of Iowa, and it is found that the petitioner, A. P. Barnes, herein, is the same person described in said warrant as D. P. Hunter, alias J. F. Schrader. It is therefore ordered and adjudged that the application of the petitioner, A. P. Barnes, for discharge, is denied, and he is hereby remanded to the custody of the sheriff of Minnehaha county, S. D." To the making of the foregoing order and judgment the said petitioner, A. P Barnes, duly excepted for the following reasons: "That the evidence introduced before the court is not sufficient to sustain such order, because said indictment is against D. P. Hunter, alias J. F. Schrader. The requisition warrant issued by the governor of this state authorized the arrest of said Hunter only, and that the petitioner's name is A. P. Barnes, and he is not the person against whom the alleged indictment was returned. That there is no evidence whatever justifying the court in finding that the petitioner, A. P. Barnes, is the person charged in the indictment as D. P. Hunter, alias J. F. Schrader." Which exception was settled and allowed by the court.

There are a number of errors assigned, but the only ones that we deem necessary to consider or discuss are Nos. 3 and 7, which are as follows:

"(3) In finding, as appears by said judgment, that A. P. Barnes is the same person charged in said indictment under the name of D. P. Hunter, alias J. F. Schrader, as the answer of Mr. Barnes denies emphatically under oath that he is the same person, and no evidence whatever was produced tending to show that such is the fact."

"(7) That there was no evidence introduced before the court to authorize said judgment for the deportation and especially for the reasons set forth in the exception to said judgment."

It will be observed from the record that the requisition demanded of the Governor of this state "D. P. Hunter, alias J. F. Schrader," and that the Governor authorized and required the officer to arrest "D. P. Hunter, alias J. F. Schrader," and the indictment charged the crime as having been committed by "D. P. Hunter, alias J. F. Schrader," and by the affidavit of Tom C. Smith, "D. P. Hunter, alias J. F. Schrader," is alleged to be a

fugitive from justice, and that the .petitioner under oath alleges that his name is A. P. Barnes, and not D. P. Hunter or J. F. Schrader, and denies that he is the party mentioned or described in the executive warrant set forth in said defendant's return, denies that he is a fugitive from justice from the state of Iowa, and alleges that he is a resident of the state of South Dakota; denies that there has ever been produced to the executive authority of this state an indictment charging the petitioner with having committed any crime against the laws of the state of Iowa.

It is contended by the appellant that, inasmuch as the petitioner alleged under oath that his name was A. P. Barnes, and denies that he is D. P. Hunter or J. F. Schrader, and denies that any indictment was ever found against him charging him with having committed any crime against the laws of the state of Iowa, and no evidence having been introduced on the trial identifying him as such D. P. Hunter or J. F. Schrader, the judgment of the court finding and adjudging him to be such D. P. Hunter or J. F. Schrader is not supported by the evidence. It is further contended by the appellant that when a party, arrested for extradition under an executive warrant, seeks to be discharged in habeas corpus proceedings, and denies that he is the person against whom such warrant is issued, the burden of proof to show his identity is upon the state seeking his deportation. We are of the opinion that the appellant is clearly right in his contention. In 5 Enc. Ev. 724, the law upon this subject is thus stated: "The burden of proving the identity of a fugitive lies upon the state demanding extradition." People v. Byrnes, 33 Hun. (N. Y.) 98; Johnston v. Rieley, 13 Ga. 97; State v. Bates, 102 Minn. 104, 112 N. W. 1026. In the case of People v. Byrnes, supra, the Supreme Court of the state of New York, in discussing this question, held, as appears by the headnote, as follows: "But where a person has been arrested upon a warrant issued by the Governor upon a requisition founded upon such an indictment, and in the warrant the initials only of the two first names of the alleged fugitive are given, such person is entitled upon the return to a writ of habeas corpus to deny that he is the person mentioned in the warrant, and, upon such denial being made, the burden of proving that he is the same person is

thrown upon the party' seeking to detain him in custody." In
State v. Bates, supra, the Supreme Court of Minnesota, in discussing a similar question, says: "The relator did not traverse this
part of the return, although he had other parts of it. Nor did he
allege in his petition for the writ that he was not the person named
in the warrant. While the relator might have raised the question
of his identity by his petition or traversed the return, the fact remains that he has not done so. * * * Under such circumstances the
presumption arising from the identity of the name of the relator
with the name in the warrant and requisition papers is sufficient
prima facie evidence of his identity."

In the case at bar, however, the defendant did traverse the
return of the officer, and denied in most emphatic terms that he
was the person named as D. P. Hunter or J. F. Schrader, and denies that any indictment was found against him, or that he was a
fugitive from justice. No evidence was introduced on the trial
controverting this denial, or tending in any manner to show that
the petitioner was the identical person named in the indictment,
requisition of the Governor of Iowa, or warrant of the Governor
of this state, other than the return of the officer in which he says
he arrested the above-named relator, A. P. Barnes, designated in
said warrant as "D. P. Hunter, alias J. F. Schrader." The officer
does not seem to have been called as a witness on the trial, and
we are of the opinion that his statement in the return did not constitute even prima facie evidence that the petitioner was, in fact,
either D. P. Hunter or J. F. Schrader. Ordinarily the findings of
the court upon any issue is presumptively correct and will be sustained, unless there is a preponderance of the evidence against
such findings; but in the case at bar no evidence seems to have
been introduced on the part of the defendant proving, or tending
to prove, that the petitioner, A. P. Barnes, was in fact the same
person as D. P. Hunter or J. F. Schrader, as the petitioner's name
as it appears in the indictment, requisition, and warrant bears no
similarity to the name of A. P. Barnes. There would seem to be
no evidence therefore to sustain the learned circuit court's finding
that the petitioner was the same person named in those various
documents, and, the petitioner having denied that he was such

person, the burden of proving the identity of the petitioner was upon the state demanding his extradition, or, in other words, upon the sheriff who was holding him in custody.

Our conclusion is therefore that the court's finding that the petitioner was the identical person named as Hunter, alias Schrader, was entirely unsupported by the evidence, and the judgment of the circuit court is therefore reversed, and that court is directed to discharge the petitioner.