JAMES MORRISON, Appellant, v. ED. A. DWYER and E. G. DILLEY, Sheriff,

HARRY JOYCE, Appellant, v. ED. A. DWYER and E. G. DILLEY, Sheriff.

**Extradition:** INFORMATION: SUFFICIENCY. Where it is a proper method 1 of charging crime in the state where committed, a complaint or information duly sworn to will constitute the basis of an extradition proceeding.

**Same.** Where the information charging a crime upon which extra- 2 dition proceedings are based shows the knowledge of affiant regarding the facts alleged and is sufficient in this respect, the court will not inquire into the question of affiant's knowledge.

**Same:** CERTIFICATION OF COMPLAINT. A certification by the governor 3 of a foreign state of copies of the complaint on which he demands extradition is sufficient to render them receivable in evidence in another state.

**Same:** AUTHENTICITY OF COMPLAINT. The question of the authenticity 4 of the complaint on which the governor of a foreign state demands extradition is for him to determine, and his certificate of the fact of its proper authenticity is all that is required.

Habeas corpus: FINDING OF COURT: CONCLUSIVENESS. The finding of
the court in *habeas corpus* proceedings has the force of a verdict,
and if it has any support in the evidence it is conclusive on appeal.

*Appeals from Woodbury District Court.*—HON. DAVID
MOULD, Judge.

FRIDAY, JULY 2, 1909.

PLAINTIFF in each of these cases petitioned, in *habeas corpus,* to be relieved from distraint, under a warrant of the Governor of Iowa directing his surrender to defendant Dwyer, as agent of the state of Nebraska, to be taken back to that state as a fugitive from justice. The writ was denied in each case and plaintiff appeals. The proceedings in the two cases were identical, and they may be disposed of together.—*Affirmed.*

*Sullivan & Griffin,* for appellant.

*A. Van Wagenen* and *Charles H. Stewart,* for appellees.

McCLAIN, J.—Requisitions of the Governor of Nebraska for the surrender of the petitioners were presented to the Governor of Iowa, and, after a hearing by the latter, of which no complaint is made, except with reference to the sufficiency of the requisition papers, warrants were issued for their surrender to the agent of the state of Nebraska. To prevent such surrender these proceedings were instituted. The refusal of the lower court to grant a writ of *habeas corpus* is assailed in this court on three grounds: First, the insufficiency of the complaints filed before the county judge in Nebraska, in which each of the petitioners was charged with the commission of a crime in that state; second, the insufficiency of the certification

of a copy of such complaint by the Governor of Nebraska; and, third, the insufficiency of the evidence to show that petitioners were in fact fugitives from justice.

I. The complaint charging petitioners with the commission of a crime in Nebraska was sworn to by the county attorney of the proper county, and it was made to appear that this was the proper method in that state of charging persons with the crime of which petitioners were accused. A complaint or information, duly sworn to, is such affidavit as is required as the basis of an extradition proceeding, if it is a proper method of charging the commission of the crime in the state where committed. *In re Hooper,* 52 Wis. 699 (58 N. W. 741); *State v. Richardson,* 34 Minn. 115 (24 N. W. 354); *State v. Bates,* 101 Minn. 303 (112 N. W. 261).

1. Extradition: information: sufficiency.

Appellants contend that a complaint by a county attorney is necessarily on information and belief, and that such an affidavit is not sufficient. But the complaints in these cases were not sworn to as true only on information and belief. The allegations of fact therein are sworn to as true without qualification, and it is not for us to say that the county attorney swore to the truth thereof only on information and belief. If sufficient in form a court can not inquire as to the knowledge of the affiants as to the facts.

2. Same.

It is further contended that the certifications of these complaints are not in such form as to entitle them to be introduced and received in evidence in another state, under the state and federal statutes relating to certification of the records of judicial proceedings. But there is no merit in this objection. Petitioners themselves offered these certifications in evidence in the lower court. The defendants were under no obligation to do more than show a certification of copies of such complaints by the Governor of Nebraska.

3. Same: certification of complaint.

See Rev. St. U. S. section 5278 (U. S. Comp. St. 1901, 3597).

II.   But it is argued that, if the complaints were not duly authenticated, they could not be properly certified as authentic by the Governor under the federal statute requiring that he certify the authenticity of the complaints on which the extradition is demanded. There is nothing in the federal statute specifying how the Governor is to be satisfied that the complaints on which he acts are authentic. That is a question for his own determination. His certificate to the fact alone is required. If the proceedings are regular in form, it is for the person attacking them to show that he is not a fugitive from justice. *McNichols v. Pease,* 207 U. S. 100 (28 Sup. Ct. 58, 52 L. Ed. 121); *Pierce v. Creecy,* 210 U. S. 387 (28 Sup. Ct. 714, 52 L. Ed. 1113).

*4. SAME: authenticity of complaint.*

III.   While the petitioners attempted to show by evidence that they were not in Nebraska at the time the crime with which they were charged was committed, there was ample evidence for the defendants to prove the contrary. In a proceeding by *habeas corpus* the finding of the lower court as to questions of fact has the force of a verdict of a jury, and, if supported by any evidence, is conclusive upon this court as to such questions. *Myers v. Clearman,* 125 Iowa, 461; *Dunkin v. Seifert,* 123 Iowa, 64.

*5. Habeas Corpus: finding of court: conclusiveness.*

Finding no error in the rulings of the lower court complained of, the action of the court in each case denying plaintiff's petition for writ of *habeas corpus* is *affirmed.*