HARRIS v. BURBIDGE, Chief of Police.

No. 3677.   Decided July 1, 1921.   (199 Pac. 663.)

1. EXTRADITION—AFFIDAVITS IN DIRECT AND POSITIVE TERMS HELD SUFFICIENT. Affidavits in support of requisition for arrest of fugitive from state on extradition under U. S. Comp. St. § 10126, containing positive and direct statements of fact, and charging, in direct and positive terms, the fugitive with having committed a crime and with being a fugitive from justice, held sufficient as against contention that they should be considered as having been made on information and belief in view of the circumstances.

2. HABEAS CORPUS—ONE WHO HAS BEEN EXTRADITED CANNOT INTRODUCE EVIDENCE TO SHOW HIMSELF NOT A FUGITIVE. In habeas

corpus proceedings by a fugitive from other state after the Governor had honored extradition papers received from other state, refusal to permit him to introduce evidence tending to show that he was not a fugitive from justice *held* not error, where the affidavits in support of the requisition, charged him in direct and positive terms with having committed a crime and with being a fugitive from justice.

3. HABEAS CORPUS—TESTIMONY THAT AFFIDAVITS IN SUPPORT OF REQUISITION WERE FALSE INADMISSIBLE. In habeas corpus proceedings following action of the Governor in honoring extradition papers for petitioner in which it was admitted that petitioner was in the other state at the time that the crime with which he was charged was alleged to have been committed, refusal to permit him to introduce proof that the affidavits in support of the requisition which charged him with having committed the crime and with being a fugitive from the other state, and which complied with the requirements of the statutes of such state, were in fact false, *held* not error, since the guilt or innocence of the plaintiff will not be determined in such proceeding.

Appeal from District Court, Third District, Salt Lake County; *L. B. Wight*, Judge.

Habeas corpus proceedings by C. Harris against Joseph E. Burbidge, Chief of Police of Salt Lake City, Utah. Judgment denying writ and remanding plaintiff to custody of defendant, and plaintiff appeals.

AFFIRMED.

*John F. Tobin*, of Salt Lake City, for appellant.

*Shirley P. Jones*, of Salt Lake City, for respondent.

CORFMAN, C. J.

Plaintiff was arrested by defendant on May 20, 1921, for an offense alleged to have been committed by him in Denver, Colo. Since his arrest extradition papers have been received from Colorado, and the same have been honored by the Gov-

ernor of this state. On May 25, 1921, a writ of habeas corpus was sued out by plaintiff in the district court of Salt Lake county. A hearing was had thereon which was concluded on May 27, 1921, after which the said court rendered judgment denying said writ and remanding plaintiff to the custody of the defendant. To reverse said judgment an appeal to this court has been prosecuted.

Plaintiff challenges the sufficiency of the requisition papers, both as to form and substance. He contends that they are not properly authenticated or exemplified, and, further, that the affidavit for requisition was made by the affiant on information and belief, hence insufficient.

The requisition recites:

"Whereas it appears from the annexed papers duly authenticated in accordance with the laws of this state that Charles Harris stands charged by complaint, warrant, and affidavits with the crime of grand larceny and larceny as bailee committed in the city and county of Denver, in said state, and it having been represented to me that he has fled from justice in this state and may have taken refuge in the state of Utah," etc.

It is signed "By the Governor, Oliver H. Shoup," and is properly attested by the Secretary of State under the great seal of Colorado.

Section 5278, Federal Statutes Annotated (U. S. Comp. St. § 10126), provides:

"Whenever the executive authority of any state or territory demands any person as a fugitive from justice, of the executive authority of any state or territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any state, or territory, charging the person demanded with having committed treason, felony, or other crime, certified, as authentic by the Governor or chief magistrate of the state or territory from whence the person so charged has fled, it shall be the duty of the executive authority of the state or territory to which such person has fled to cause him to be arrested and secured. * * *"

"Whenever the judicial proceedings are certified as authentic by the executive making the demand, it is absolutely conclusive as to that fact on the Governor and courts of the surrendering state, and no question tending to cast any doubt or suspicion on the genuineness of the proceedings can be entertained by either.

"The chief executive of the state issuing the requisition for the

arrest and surrender of the alleged fugitive from justice is the sole judge of the genuineness of the affidavit charging the commission of the crime where it appears to have been made before a magistrate in his state."

Scott on Rendition, §§ 74 and 75.

The affidavits charging the crime, in support of the requisition, are made before Henry Bray, a justice of the peace within and for the city and county of Denver, Colo., by one Anna Weinberg, the complaining witness, and by one Max Mannison as a corroborating witness. Each of the affiants states:

"That he knows that Charles Harris on the 19th day of May, A. D. 1921, at the city and county of Denver, in the state of Colorado, did feloniously steal, take, and carry away two diamond stones of the value of $1,200 each, and one other diamond stone of the value of $850 of the personal property of C. Weinberg."

Affiant further states that—

"Immediately after the commission of said crime the said Charles Harris, fearing arrest therefor, left the city and county of Denver and the state of Colorado, and this affiant has just learned that the said Charles Harris is now under arrest in the city of Salt Lake, in the state of Utah, where he is now being held awaiting extradition papers that he may be returned to the state of Colorado for trial of said offense."

There is also attached to and made a part of the requisition a complaint and information signed by the said Anna Weinberg and sworn to before Henry Bray, a justice of the peace in and for the said city and county of Denver.

Counsel for plaintiff contends that the affidavits are in effect affidavits on information and belief, and should be so considered in the light of the record and evidence      1 upon the hearing before the district court, although they appear as positive and direct statements of fact on their faces. There is no merit to this contention.

"Where the affidavit contains all the essentials to charge the commission of a crime under the laws of the demanding state, it is sufficient for all the purposes." Bailey on Habeas Corpus, 544, 545, 548; *In re Strauss*, 197 U. S. 324, 25 Sup. Ct. 535, 49 L. Ed. 774; *Pierce* v. *Creecy*, 210 U. S. 387, 28 Sup. Ct. 714, 52 L. Ed. 1113; 11 R. C. L. 736, § 29; *Whitten* v. *Tomlinson*, 160 U. S. 245, 16 Sup. Ct. 297, 40 L. Ed. 406; *Morrison* v. *Dwyer*, 143 Iowa, 502, 121 N. W. 1064.

It is further claimed by the plaintiff that the trial court erred in refusing to permit him to introduce evidence tending to show that he is not a fugitive from justice. Plaintiff offered to show by testimony of himself that the possession of the diamonds alleged to have been stolen was acquired by him in the course of certain business transactions with the owner without any intent to steal, and that the owner, one C. L. Weinberg, has since recovered his diamonds in a civil proceeding. The trial court refused to permit the testimony upon the grounds that it would be going into and passing upon the merits of the criminal proceeding instituted by the demanding state. The record shows that some evidence was offered and received in the hearing before the district court to the effect that plaintiff had on several occasions purchased merchandise of the said C. Weinberg, the owner of the diamonds alleged to have been stolen, and that in the particular instance complained of the transaction was a "credit transaction." In this connection a telegram signed by one George P. Schnieder, a Denver detective, was received in evidence purporting to have been authorized by C. Weinberg, to the same effect, that it was a credit transaction; that the diamonds had been recovered in a civil action, and the request made that plaintiff be released, and not prosecuted. Other telegrams of a later date, signed by "H. M. Carter, Acting Chief of Police," of Denver, Colo., addressed to the defendant, were also received in evidence, directing the said George P. Schnieder "not to come back without Harris [plaintiff]," and also a telegram dated May 21, 1921, from C. Weinberg to the Denver chief of police to "get requisition for C. Harris." These telegrams, in our judgment, shed no light one way or the other upon the truth or falsity of the requisition affidavits. It has been seen that, in so far as the requisition papers themselves are concerned, the plaintiff stands accused in direct and positive terms with having committed a crime, and also that he is a fugitive from justice.

Counsel argues and contends that he should have been permitted by the trial court to introduce proof to the effect that the affidavits were in fact false. As supporting this conten-

tion we are cited to the following cases: *State* v. *Jackson* (D. C.) 36 Fed. 258, 1 L. R. A. 370; *Tiberg* v. *Warren,* 192 Fed. 458, 112 C. C. A. 596; *Ex parte Shoemaker,* 25 Cal. App. 551, 144 Pac. 985; *Ex parte Reggel,* 114 U. S. 642, 5 Sup. Ct. 1148, 29 L. Ed. 250; *McNichols* v. *Pease,* 207 U. S. 110, 28 Sup. Ct. 58, 52 L. Ed. 121; *In re Jackson,* 13 Fed. Cas. 197, No. 7,125; *Hyatt* v. *New York,* 188 U. S. 691, 23 Sup. Ct. 456, 47 L. Ed. 657; *In re Cook* (C. C.) 49 Fed. 833; *Roberts* v. *Reilly,* 116 U. S. 80, 6 Sup. Ct. 291, 29 L. Ed. 544. Upon the question of the right to prove the falsity of the affidavits as to matters charging a crime these cases have no application under the federal statutes above quoted. They do hold, however, that where one is accused of being a fugitive from justice from the state demanding his extradition, in habeas corpus proceedings it may be shown that at the alleged time of commission of the crime on a certain day he was not in the demanding state on that day, and hence not a fugitive from justice. But it is not claimed in this case that plaintiff was not in the state of Colorado on the day the crime with which he is charged is alleged to have been committed. As a matter of fact, it is admitted that he was in Colorado, and that immediately thereafter he came to this state.

In matters on interstate extradition as to what constitutes a fugitive from justice the authorities are practically in accord. Bailey, in his recent work on Habeas Corpus, at section 129, defines the term thus:

"A fugitive from justice is one who, having within a state committed that which by its laws constitutes a crime, leaves its jurisdiction when it is sought to subject him to it by a criminal process to answer for his offense and is found in the jurisdiction of another state or country. It is not necessary that he should have left after indictment found, or for the purpose of avoiding a prosecution anticipated or begun."

So, too, in these proceedings the question is not one of the guilt or innocence of the accused. That question, both under the federal Constitution and the act of Congress appertaining to matters of extradition of fugitives from justice, is to be determined by the demanding state. The surrendering state has no legal right to take evidence or at-

tempt to inquire into the ·facts constituting the crime by going behind the positive statements of the requisition affidavits nor to question the sufficiency of the requisition papers in any way when it appears upon their face that they meet the requirements of the statutes of the demanding state. *Roberts* v. *Reilly,* 116 U. S. 80, 6 Sup. Ct. 291, 29 L. Ed. 544; *Pearce* v. *Texas,* 155 U. S. 311, 15 Sup. Ct. 116, 39 L. Ed. 164; *Whitten* v. *Tomlinson,* 160 U. S. 245, 16 Sup. Ct. 297, 40 L. Ed. 406; *Pierce* v. *Creecy,* 210 U. S. 387, 28 Sup. Ct. 714, 52 L. Ed. 1113; *Morrison* v. *Dwyer,* 143 Iowa, 502, 121 N. W. 1064; 11 R. C. L. 736, § 29.

The requisition papers in this case on their face state facts which clearly show that the plaintiff is charged with having committed a crime in the state of Colorado on May 19, 1921, of which he was properly accused under date of May 23 and 24, 1921. The plaintiff was in the state of Colorado on the day the crime is alleged to have been committed. From May 20th until the present time he has been in this state. The requisition papers of the state of Colorado are properly authenticated and certified. In our judgment, the lower court, for the reasons stated, was right in denying the writ and remanding plaintiff. The judgment is therefore affirmed, with costs.

WEBER, GIDEON, THURMAN, and FRICK, JJ., concur.