358 P.2d 93

Gordon S. LITTLE, Plaintiff and Appellant,

v.

George BECKSTEAD, Sheriff of Salt Lake County, Defendant and Respondent.

No. 9216.

Supreme Court of Utah.

Jan. 4, 1961.

Clark & Clark, Salt Lake City, for appellant.

Grover A. Giles, County Atty., Richard C. Dibblee, Asst. County Atty., Salt Lake City, for respondent.

McDONOUGH, Justice.

Plaintiff Gordon S. Little brought this appeal alleging that the lower court erred in not allowing him to challenge the legal sufficiency of the proceedings that would extradite him from Utah to Oregon.

Plaintiff was convicted of burglary and forgery in Oregon, in 1943. In the same proceeding he was found to have violated the Habitual Criminal Act of that state. The sentences to imprisonment imposed by the court were: five years for burglary, three years for forgery, and life imprisonment for being an habitual criminal. When plaintiff had served the time for the burglary and forgery convictions, he sought a writ of habeas corpus from the Oregon court upon the ground that the life sentence was erroneous. The Oregon Supreme Court found the life sentence was erroneous and void in that it had been imposed for being an habitual criminal, which is not a crime. The case was remanded with directions to the trial court to vacate one of the previous sentences and enter in its place the life sentence, which was the mandatory, enlarged sentence for a crime when the prisoner is an habitual criminal within the terms of the statute.[1] The lower court sentenced plaintiff in accordance with the Supreme Court's decision and plaintiff

1. See Little v. Gladden, 202 Or. 16, 273 P.2d 443.

again appealed to the Oregon Supreme Court, where the judgment was affirmed.[2] While awaiting the outcome of the appeal, plaintiff, who had been released on bail, fled from the state of Oregon to Utah, where he committed a crime and was incarcerated in the Utah State Prison.

When plaintiff was due to be released from the Utah State Prison, the state of Oregon initiated extradition proceedings. Plaintiff was arrested upon a governor's warrant issued by the state of Utah, and was placed in the custody of defendant, the sheriff of Salt Lake County. While thus being held by defendant, plaintiff sued for a writ of habeas corpus alleging no crime had been committed in Oregon, and that the extradition papers were not sufficient to meet the statutory requirements. The lower court limited the proceeding to the determination of whether plaintiff was in Oregon at the time of the alleged commission of the crime, and whether he subsequently fled therefrom.

 The proper process for testing the legal sufficiency and validity of plaintiff's arrest and detention is the habeas corpus proceeding.[3] It is statutory in Utah that persons arrested upon a governor's warrant for extradition shall be given the opportu-

nity to apply for a writ of habeas corpus to test the legality of the arrest.[4] Plaintiff should have been allowed to test the validity of the extradition proceeding and challenge whether the statutory requirements had been met. Such a proceeding is not to test the guilt or innocence of the prisoner, nor to inquire into the facts or law concerning the alleged crime in the other state,[5] and the court properly refused to consider such questions.

 However, the complete record is before us for examination.

The demand of the state of Oregon for extradition of plaintiff complies with the requirements set forth in Section 77–56–3 of the Utah Code Annotated, 1953. The demand is written, alleging the presence of plaintiff in the state of Oregon at the time of the alleged crime, and also alleging that he fled from the state thereafter. Attached to the demand are a number of documents which the Governor of the state of Oregon certifies to be authentic and true. Among these documents is a copy of the sentence imposed on plaintiff, in addition to the statement of the district attorney of Marion County, Oregon, that plaintiff broke the terms of his bail in leaving the state. The demand by the governor, plus the accompa-

2. See State v. Little, 205 Or. 659, 288 P. 2d 446, 290 P.2d 802.
3. Johnson v. Matthews, 86 U.S.App.D.C. 376, 182 F.2d 677, certiorari denied 340 U.S. 828, 71 S.Ct. 65, 95 L.Ed. 608; 39 C.J.S. Habeas Corpus § 39a(2, f), pp.

559–560; see Moreaux v. Ferrin, 98 Utah 450, 100 P.2d 560.
4. Utah Code Annotated, 1953, Sec. 77–56–10.
5. Harris v. Burbidge, 58 Utah 392, 199 P. 663; Johnson v. Matthews, supra.

nying documents are sufficient to satisfy the requirements of the statute that the statements be by the executive authority, for the documents and the demand are executed by the governor.

Since the documents and the record that were before the trial court have been examined and found to be legally sufficient, the judgment of the trial court is affirmed.

WADE, C. J., and HENRIOD, CALLISTER, and CROCKETT, JJ., concur.