396 P.2d 870

Charles **ALDRIDGE**, Plaintiff and Appellant,

v.

George **BECKSTEAD**, Sheriff of Salt Lake County, State of Utah, Defendant and Respondent.

No. 10033.

Supreme Court of Utah.

Nov. 30, 1964.

Mitsunaga & Ross, Salt Lake City, for appellant.

Grover A. Giles, County Atty., Salt Lake City, for respondent.

HENRIOD, Chief Justice:

This is a purported appeal from a refusal to grant an extraordinary writ akin to habeas corpus. Dismissed.

After the California governor asked extradition of petitioner on a charge of grand theft, the Utah governor, examining the transmittal documents, whose form and content were unchallenged, and after hearing thereon, granted the California governor's request and issued a warrant of arrest under the Utah counterpart of the Uniform Criminal Extradition Act.[1] Perhaps petitioner's reason for not challenging the documents for sufficiency was the recent 1961 case of Little v. Beckstead.[2] The Utah governor need not challenge the guilt or innocence of petitioner under the act.[3]

The record before us reflects no final appealable judgment. Thus, our jurisdiction fails.

Dictum-wise, nonetheless, we observe that petitioner urges that habeas corpus proceedings are civil, not criminal; that the Rules of Civil Procedure are applicable; that so being, his motions to entertain the discovery process of interrogatories, deposition and examination of documents were violated by their denial.

Everything petitioner requested by motion was available to him as a matter of public record. His most compelling urgence was that he had only five days to file notice of appeal. Factually, he filed such notice on the next day after such denial; and promptly, on the same day, the trial court gave him 60 days to perfect his record. We can see no prejudice to petitioner even assuming, arguendo, technical objections as to time given for filing notice of appeal.

Usually petitioners for the writ want action right now—a traditional concomitant of its function. Here, we think petitioner is suggesting that speedy determination is a vice, but protraction a virtue. It seems anomalous in this case that irrespective of the question whether the Rules of Civil Procedure apply in this special statutory area, a petition for the writ filed in October, 1963, after a request from the Governor of California for extradition was granted by our governor in July, 1963, this matter now appears before us after about 16 months. The chronology of this case lends questionable justification for the proposition that protraction is a virtue and speedy conclusion a vice in this type of procedure, fundamentally designed for a quick determination of alleged illegal restraint, which determination should be a matter of equipoise interesting to the alleged restrainer and restrained.

In rejecting jurisdiction in this case, the conclusions of the trial court persist, the dictum herein indulged, to the contrary notwithstanding.

McDONOUGH, CALLISTER and WADE, JJ., concur.

CROCKETT, J., concurs in the result.

1. Sec. 77–56, Utah Code Annotated 1953.
2. 11 Utah 2d 270, 358 P.2d 93.
3. 77–56–20, U.C.A.1953.