Richard L. A. PHILLIPS, Plaintiff and Appellant,

v.

Rex L. VANCE, Sheriff of Salt Lake County, State of Utah, Defendant and Respondent.

No. 15944.

Supreme Court of Utah.

April 11, 1979.

Bradley Rich, of Salt Lake Legal Defender Assn., Salt Lake City, for plaintiff and appellant.

Robert B. Hansen, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Theodore L. Cannon, Salt Lake County Atty., Salt Lake City, for defendant and respondent.

PER CURIAM:

This appeal is from a denial of a writ of habeas corpus wherein the plaintiff resists extradition to California on charges of murder and attempted murder committed in that state. The only issue raised on this appeal is a claimed error on the part of the court in not granting sufficient time for plaintiff to prove that he was not in California at the time the crime was alleged to have been committed. There is no contention made that the request for extradition is not in proper form. The facts are not in dispute.

The Governor of Utah, pursuant to request for extradition of Richard L. A. Phillips, issued his rendition warrant and sent the requisition papers to the Sheriff for service on May 4, 1978. On May 26, 1978, the petitioner filed a petition for release by way of a writ of habeas corpus. On June 27, 1978, he requested the production of all documents received by the Governor of Utah in connection with the extradition proceedings, all the California police reports relating to the events surrounding the crime charged, and any other documents relating to the petitioner's extradition to California then in the Sheriff's possession. On June 29, 1978, he obtained an order restraining his removal to California prior to July 6, 1978. The hearing on the petition for the writ of habeas corpus was set for July 6, 1978. Three days prior to the hearing, to wit: on July 3, 1978, the petitioner filed interrogatories requesting information regarding any and all surveillance techniques used at the time of the alleged offenses and the exact time and place of the alleged crimes.

At the hearing on July 6, 1978, the petitioner moved for a continuance in order to have the answers to his interrogatories. The court refused the continuance and the petitioner refused to present any evidence on his petition for release. The documents before the court were in order and made a prima facie showing for honoring the request for extradition. The court denied the writ of habeas corpus.

It is rather obvious that the questions propounded three days before the date of the hearing could have no bearing on the defense that the petitioner was not in California when the crime was committed. The burden is upon him to show (1) that he is not the person named in the rendition warrant, or (2) that the information does not state a crime under California law, or (3) that he was not in California when the alleged crime was committed. The petitioner knew as well as anybody else whether he was in California at the particular time; and he could have so testified. By refusing to offer any evidence on the matter, the petitioner utterly failed to sustain his burden in the matter before the court. The ruling of the court was proper and that ruling is affirmed.

The case is remanded to the trial court with directions to notify the California authorities of this ruling, and to deliver the petitioner to the California officers for extradition pursuant to the Governor's rendition warrant. There is no merit to this appeal.