William A. LANGLEY, Plaintiff and Appellant,

v.

N.D. "Pete" HAYWARD, Sheriff, Salt Lake County, State of Utah, Defendant and Respondent.

No. 18456.

Supreme Court of Utah.

Dec. 16, 1982.

William A. Langley, pro se.

David L. Wilkinson, Earl F. Dorius, Ted L. Cannon, Salt Lake City, for defendant and respondent.

OAKS, Justice:

Arrested in Utah on an extradition warrant for a robbery committed in Boise, Idaho, petitioner sought release by habeas corpus. After an evidentiary hearing, the writ was denied. Petitioner pursues this appeal, arguing (1) there was no probable cause for the issuance of the underlying arrest warrant by the magistrate in Ada County, Idaho; (2) there was no personal testimony by the complaining witnesses in the habeas corpus hearing, and the documents submitted were hearsay; (3) he is not the "William Arnold Langley" or the "William Langley" named in the underlying arrest warrant or the extradition papers; and (4) he cannot be extradited as a "fugitive" because he was not in Idaho on the day the crime was committed. We find these argu-

ments without merit, and affirm the denial of the writ.

1. The district court could not redetermine the issue of probable cause in this hearing on an extradition warrant. As the United States Supreme Court explained in reversing a state court that had attempted such a redetermination:

> In short, when a neutral judicial officer of the demanding state has determined that probable cause exists, the courts of the asylum state are without power to review the determination.

*Michigan v. Doran,* 439 U.S. 282, 290, 99 S.Ct. 530, 536, 58 L.Ed.2d 521 (1978). Accord *Little v. Beckstead,* 11 Utah 2d 270, 358 P.2d 93 (1961); *Harris v. Burbidge,* 58 Utah 392, 199 P. 663 (1921).

2. The Uniform Extradition Act, adopted in Utah, provides, *inter alia,* that a demand for extradition can be based on "a copy of an affidavit made before a magistrate [in the state having jurisdiction of the crime], together with a copy of any warrant which was issued thereupon . . . ." U.C.A., 1953, § 77–30–3. The reference to "affidavit" obviously contemplates that an extradition warrant, like other warrants, can be issued on the basis of an affidavit based on hearsay. *Glavin v. Warden,* 163 Conn. 394, 311 A.2d 86 (1972); *Jones v. United States,* 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960). In this case, there was no "affidavit" as such, but a verified complaint sworn before the magistrate who made the finding of probable cause. It is well settled that such a document satisfies the statutory requirement of "an affidavit made before a magistrate." *In re Martz,* 83 Idaho 72, 357 P.2d 940 (1960); *Dawson v. Beasley,* 242 Ind. 536, 180 N.E.2d 367 (1962); *Loulakis v. Walker,* 103 N.H. 526, 176 A.2d 314 (1961). Consequently, petitioner's hearsay objection is without merit.

3. Petitioner's third point, essentially a claim of mistaken identity, is a question that can be raised by habeas corpus in the asylum state. *Michigan v. Do-*

*ran,* 439 U.S. at 289, 99 S.Ct. at 535; *Phillips v. Vance,* Utah, 594 P.2d 885 (1979).[1]

The state has the burden of proving that the person arrested is the person named in the extradition papers. *Madsen v. Larsen,* Utah, 527 P.2d 227 (1974); *In re Baker,* 310 Mass. 724, 39 N.E.2d 762 (1942); *Barnes v. Nelson,* 23 S.D. 181, 121 N.W. 89 (1909); *Raftery ex rel. Huie Fong v. Bligh,* 55 F.2d 189 (1st Cir.1932). The state makes a prima facie case on that issue by showing that the arrested person has (or is known by) the same name as that appearing on the extradition papers. *Santina v. Larson,* Utah, 593 P.2d 137 (1979); *Scott v. Beckstead,* 13 Utah 2d 428, 430, 375 P.2d 767, 768–69 (1962); *Ex Parte Freeman,* 80 Ariz. 21, 291 P.2d 795 (1955); *Notter v. Beasley,* 240 Ind. 631, 166 N.E.2d 643 (1960); *Annot.,* 93 A.L.R.2d 912 (1964).

When the state has made its prima facie case, the petitioner has the burden of going forward with affirmative evidence that he is not the person named in the extradition papers. *Mora v. Larson,* Utah, 540 P.2d 520 (1975); *Annot.,* 93 A.L.R.2d 912, § 7 (1964). Where the petitioner does this by sworn testimony or by a verified pleading and where the state provides no evidence in addition to its bare prima facie case (as defined above) to corroborate the petitioner's identity with the person named in the extradition papers, the petitioner is entitled to release. *Barnes v. Nelson, supra.*

Where the state provides corroborating evidence, the court must weigh the evidence and make a finding on the issue of identity. So it was in this case. After petitioner testified that he was not the person named in the extradition papers, the investigating officer from Ada County, Idaho, testified. He stated that he had conducted a photo lineup for the robbery victims. He described how they identified petitioner's photograph as the man who had robbed them. On the basis of that testimony and the photographs introduced in evidence, the court found that petitioner "is the person named in the complaint and sought by the state of Idaho ...."[2] Since that finding is supported by substantial evidence, it will not be upset on appeal.

4. Petitioner testified at the habeas corpus hearing that he had not been in Idaho on the date of the robbery, but he provided no other evidence on that question. Because a person not in the demanding state on the date of the crime cannot be a "fugitive from justice" (a statutory prerequisite for extradition, U.C.A., 1953, § 77–30–3), this is also a question that can be raised on habeas corpus. *Scott v. Beckstead, supra; see supra* note 1. However, in contrast to the threshold question of petitioner's identity, this is not an issue on which the state has the burden of proof. Because the question of presence on the date of the crime so closely approximates factual issues material to guilt or innocence (such as alibi), which cannot be tried in an extradition proceeding, a petitioner who denies that he is a fugitive from justice has the burden of proving that fact "by clear and convincing evidence." *Scott v. Beckstead,* 13 Utah 2d at 432, 375 P.2d at 769. *Accord Walker v. State,* Me., 315 A.2d 855 (1974); *In re Baker,* 310 Mass. at 730, 39 N.E.2d at 765; *State v. Limberg,* 274 Minn. 31, 36, 142 N.W.2d 563, 566–67 (1966).

After weighing the conflicting evidence on the question of petitioner's fugi-

---

1. In *Michigan v. Doran,* 439 U.S. at 289, 99 S.Ct. at 535, the Supreme Court stated:

   Once the governor has granted extradition, a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive.

2. Petitioner is correct that the so-called "affidavits" signed by the robbery victims, not having been sworn before an officer authorized to administer oaths, U.C.A., 1953, § 78–26–6, are not affidavits at all. They add nothing on the issue of identification even though they were received as evidence at the habeas corpus hearing. In view of the other evidence on that issue, however, any error in the admission of these statements was not prejudicial.

tive status, summarized above, the court found that the petitioner had "failed to show by clear and convincing evidence that he was not in the State of Idaho when the crime was committed." The record supports that finding, and the court's further conclusion that the documents on file are legally sufficient for the extradition of petitioner to Idaho for trial on the charges named.

The judgment denying the writ of habeas corpus is affirmed.

HALL, C.J., and STEWART, HOWE and DURHAM, JJ., concur.