Virgil Lee TOPP, Plaintiff and Appellant,

v.

N.D. "Pete" HAYWARD, Defendant and Respondent (Two Cases).

Nos. 870110, 870133.

Supreme Court of Utah.

Nov. 27, 1987.

Virgil Lee Topp, pro se.

Elizabeth A. Bowman, Salt Lake City, for plaintiff and appellant.

Richard S. Shepherd, David L. Wilkinson, Earl F. Dorius, Salt Lake City, for defendant and respondent.

PER CURIAM:

Appellant Virgil Lee Topp is sought by the state of Iowa for crimes he allegedly committed there. Topp filed his petition for a writ of habeas corpus, and counsel was appointed to represent him at the subsequent evidentiary hearing. The district court denied the petition, and two appeals, one by Topp pro se and one by counsel on behalf of Topp, were taken. This Court consolidated the two appeals sua sponte.

At Topp's evidentiary hearing before the trial court, the State placed in evidence certified copies of the extradition documents, the governor's warrant signed by the governor of the state of Utah, and the governor's warrant signed by the governor of the state of Iowa. All contained Topp's name as the person sought by the state of Iowa. The trial court found that the State had therefore established a prima facie case of identity. Topp's counsel then answered that this was a case of mistaken identity, that Topp wanted the court to know that he was not the person sought by the state of Iowa, and that he was not in Iowa at the time of the offense. Counsel then stated, "[W]e would allow those assertions to stand and have the state rebut them at this point." The State repeated that it had established a prima facie case and that the burden was then on Topp to go forward; however, since the petition was commenced pro se by Topp, the State called a deputy sheriff assigned to the Fugitive Warrants Division to take the stand and testify on behalf of the State. The sheriff informed the court that he had obtained certified copies of photographs of Topp and had mailed them to the state of Iowa for identification purposes. The state of Iowa had returned them, together with affidavits by the victim and his mother, who independently identified Topp as the person sought in the crimes charged. Topp objected to the adequacy of the photo spread on the ground that there was no evidence that the photo array was fair and not prejudicial to him. The court found that the extradition papers contained allegations of the crimes and that the victim and his mother were named as parties. The court concluded that "under those circumstances in this type of proceeding that identification is sufficient."

On appeal, Topp asserts that the trial court erred in finding that Virgil Lee Topp is the same person sought by the state of Iowa, absent some credible corroborating evidence as to identification. We reject the contention as meritless, affirm the denial of habeas corpus, and authorize Topp's immediate extradition to Iowa.

Topp had a right to challenge his extradition by showing that he was not a fugitive from justice. Utah Code Ann. § 77–30–10 (1982); *Emig v. Hayward,* 703 P.2d 1043 (Utah 1985). A claim of mistaken identity may be raised by habeas corpus petition in the asylum state. *Langley v. Hayward,* 656 P.2d 1020 (Utah 1982). As this Court stated in *Langley,* 656 P.2d at 1022, where a claim of mistaken identity was similarly raised:

> The state has the burden of proving that the person arrested is the person named in the extradition papers. The state makes a prima facie case on that issue by showing that the arrested person has (or

is known by) the same name as that appearing on the extradition papers.

When the state has made its prima facie case, the petitioner has the burden of going forward with *affirmative evidence* that he is not the person named in the extradition papers. Where the petitioner does this by sworn testimony or by a verified pleading and where the state provides no evidence in addition to its bare prima facie case (as defined above) to corroborate the petitioner's identity with the person named in the extradition papers, the petitioner is entitled to release.

(Emphasis added; citations omitted.)

■ In the instant case, the State presented its prima facie case against Topp, who then had the burden of going forward with affirmative evidence, not with a bare allegation that he was not the person sought. To meet his burden that he was not a fugitive from justice, i.e., that he was not in the demanding state on the date of the crime or that he was not the person named in the extradition warrant, Topp had to do so by clear and convincing evidence. *Emig v. Hayward,* 703 P.2d at 1051 (citing *Langley v. Hayward,* 656 P.2d at 1022). The trial court found that the documentation, together with the testimony of the sheriff, provided sufficient identification for extradition. In light of Topp's utter failure to make more than naked allegations of mistaken identity, the court's finding was clearly not erroneous and will therefore be upheld by this Court. Utah R.Civ.P. 52(a); *State v. Ashe,* 745 P.2d 1255 (Utah 1987); *State v. Walker,* 743 P.2d 191 (Utah 1987).

■ Topp's argument that the photo spread shown to the victim and his mother may have been suggestive is not properly raised in a habeas corpus hearing. The cases cited by Topp address the guilt or innocence of a defendant in a trial setting and are inapposite here. Beyond establishing the identity of the person held as the person charged with the crime, neither the governor of the holding state nor a judge in a habeas corpus hearing may inquire

into the guilt or innocence of the accused. Utah Code Ann. § 77–30–20 (1982).

Affirmed.