490 P.2d 893

**Ray Clinton BIRMINGHAM, Plaintiff and Appellant,**

**v.**

**Delmar L. Swede LARSON, Sheriff of Salt Lake County, Defendant and Respondent. No. 11806.**

Supreme Court of Utah.
Nov. 22, 1971.

Sumner J. Hatch and Robert M. McRae of Hatch, McRae & Richardson, Salt Lake City, for plaintiff and appellant.

Carl J. Nemelka, Salt Lake County Atty., Robert D. Crofts, Deputy Salt Lake County Atty., Salt Lake City, for defendant and respondent.

ELLETT, Justice:

The appellant was arrested on a governor's warrant based upon a request for extradition to the State of Louisiana. This appeal is from an adverse ruling in a habeas corpus proceeding. The appellant contends that the request of the demanding state is not sufficient in law to warrant the granting of extradition.

Our statute [1] sets out the requirements for the issuance of a governor's rendition warrant. Those requirements in substance are:

1. A written request from the executive authority of the demanding state alleging (a) that the accused was present in the demanding state at the time of the commission of the alleged crime and (b) that thereafter he fled the state;

2. A copy of an affidavit made before a magistrate of the demanding state, with a copy of any warrant which was issued thereon, together with

3. A statement by the executive authority of the demanding state that the person

1. Section 77-56-3, U.C.A.1953.

claimed has (a) escaped from confinement or (b) broken the terms of his bail, probation or parole.

■ The affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state, and the copy of the affidavit must be authenticated by the executive authority making the demand. The affidavit in this case charges that the appellant committed a series of thefts of cash totaling $7408.11.

■ The district attorney of Louisiana in his application to his governor for extradition states that the defendant [appellant herein] fled from Louisiana in order to avoid arrest. Such being the case, it would appear that our statute does not require a statement of the executive authority of the demanding state that the person claimed has either (a) escaped from confinement or (b) broken the terms of his bail, probation or parole.

The appellant complains because the application for requisition addressed to the Governor of Louisiana is signed by one who professes to be the district attorney and is sworn to before one who professes to be a notary public. He seems to think that our rules of evidence would preclude those documents if they were tendered in evidence in the trial of a case.

■ Appellant misunderstands the statute regarding extradition. We presume the Governor of Louisiana cannot be imposed upon by imposters who claim to be district attorneys or notaries. The authentication required by the statute is that of the governor of the demanding state. The first sentence of the request for extradition signed by the Governor of Louisiana contains the following language:

> Whereas, it appears by the papers required by the Statutes of the United States which are hereunto annexed and which I certify to be authentic and duly authenticated in accordance with the Laws of this State * * *

This is a sufficient compliance with the law as to the authentication.[2]

All other requirements of our statute are set forth in the request for extradition. The Governor of Utah has seen fit to honor the request and has issued his rendition warrant. The writ of habeas corpus was properly denied. The judgment is affirmed.

CALLISTER, C. J., and TUCKETT, HENRIOD, and CROCKETT, JJ., concur.

---

2. State ex rel. Treseder v. Remann, 165 Wash. 92, 4 P.2d 866 (1931); Little v. Beckstead, 11 Utah 2d 270, 358 P.2d 93 (1961).