**Mario HERNANDEZ aka Reynaldo Garcia–Gonzales, Petitioner–Appellant,**

v.

**N.D. Pete HAYWARD, Salt Lake County Sheriff, Governor Norman Bangerter, Val Oveson, Lt. Governor, Defendants–Respondents.**

No. 880299–CA.

Court of Appeals of Utah.

Nov. 18, 1988.

Charles F. Loyd, Jr., Salt Lake Legal Defender Ass'n, Salt Lake City, for petitioner-appellant.

Salt Lake County Atty. Salt Lake City, for defendants-respondents.

Before ORME, JACKSON and GREENWOOD, JJ. (On Law and Motion).

## MEMORANDUM DECISION

PER CURIAM:

This is an appeal by a prisoner in the Salt Lake County jail from the district court's

denial of his petition for a writ of habeas corpus. Appellant is currently being held for extradition to the State of Idaho for alleged parole violations there. Respondents moved for summary affirmance of the order denying appellant a writ. Under R. Utah Ct.App. 10(a)(2) we conclude that summary disposition is appropriate because the arguments and issues raised on appeal by appellant are so insubstantial as to not merit further review. Accordingly, respondents' motion is granted and the denial of a writ is affirmed.

■ In reviewing the propriety of summary affirmance in this case we considered, sua sponte, whether this appeal is within the subject matter jurisdiction of this Court as arising out of an appeal from an order "on petitions for extraordinary writs involving a criminal conviction, except these involving a first degree or capital felony; ..." Utah Code Ann. § 78–2a–3(2)(g) (1988). This issue has not been addressed by either party. We conclude that we do have jurisdiction under section 78–2a–3(2)(g) because its language is deliberately and sufficiently broad to include those cases where a criminal conviction is *involved* in a habeas corpus proceeding to challenge extradition.

Appellant's involvement with the Idaho criminal justice system dates back to at least 1977 when he was convicted of a drug offense. Although appellant disputes a portion of that involvement, it is not disputed that on July 30, 1987, while imprisoned in Idaho, he was granted parole by Idaho authorities upon certain terms and conditions. After appellant violated those conditions and fled to Utah, an Idaho warrant was issued for his arrest. When he was arrested in Utah on charges of armed and aggravated robbery, extradition proceedings ensued and a warrant issued for his return to Idaho.

In his habeas corpus petition in the district court, appellant challenged his extradition, claimed a defect in the rendered warrant and disputed Idaho's determination of his alleged parole violation and underlying conviction. On appeal, appellant has apparently abandoned the first contention and, in Utah, only seeks to challenge the Idaho parole determination and his conviction.

Utah and Idaho have enacted provisions of the Uniform Criminal Extradition Act.[1] Regarding challenges to extradition proceedings under this act, Utah Code Ann. § 77–30–20 (1982) provides that

[t]he guilt or innocence of the accused as to the crime of which he is charged in another state may not be inquired into by the governor or in any proceeding after the demand for extradition accompanied by a charge of crime in legal form ... shall have been presented to the governor, except as it may be involved in identifying the person held as the person charged with the crime.

■ Appellant contends his initial conviction was for "possession of heroin" and not "delivery of heroin," as stated in Idaho's request for extradition. Even assuming that the underlying conviction was imprecisely stated, the precise description of appellant's conviction is of small moment here because there is no dispute that, whatever his convicted offense, he was released on parole and the basis for extradition is the violation of the terms of that parole.

■ It is well settled that appellant's challenge of his Idaho conviction, the validity of his imprisonment there, or his alleged parole violation are not matters which will be considered by the courts of this state. *Michigan v. Doran*, 439 U.S. 282, 290, 99 S.Ct. 530, 536, 58 L.Ed.2d 521 (1978); *Langley v. Hayward*, 656 P.2d 1020, 1021 (Utah 1982). Although appellant may challenge his extradition proceeding in Utah by seeking a writ of habeas corpus, he may do so only on the grounds that (a) the extradition documents are fatally deficient; (b) appellant has not been charged with a crime in the Idaho; (c) appellant is not the same person as named in the extradition request; or (d) appellant is not a fugitive from Idaho. *California v. Superior Court*, — U.S. —, 107 S.Ct. 2433, 2438–39, 96 L.Ed.2d 332 (1987); *Michigan v. Doran*, 439 U.S. at 289, 99 S.Ct. at 535.

1. *See* Utah Code Ann. §§ 77–30–1–28 (1982) and Idaho Code § 19–4501 et seq. (1987).

Appellant's contentions on appeal in this case are more properly left for consideration by the Idaho courts. *California v. Superior Court*, 107 S.Ct. at 2438; *accord Burnham v. Hayward*, 663 P.2d 65, 67 (Utah 1983).

In his own memorandum, appellant argues that his constitutional right to appeal is denied if summary disposition is granted. *See* Utah Constitution article VIII, section 5. We may summarily affirm the trial court when the issues presented on appeal are so insubstantial as to not merit further review. R. Utah Ct.App. 10(e). In other words, after allowing appellant an opportunity to be heard, either by written or oral argument, summary affirmance is appropriate when the issues raised may be properly and justly decided based upon settled principles of law. In such cases, the appellate claims are "so clear as to justify the expedited action." *Martin-Trigona v. Smith*, 712 F.2d 1421, 1424 (D.C.Cir.1983). *See also Groendyke Transport, Inc. v. Davis*, 406 F.2d 1158, 1162–63 (5th Cir.1969). Summary affirmance under Rule 10 is a determination of the appeal on its merits, after a full and adequate opportunity is afforded all parties to present the arguments and authorities which, based upon the record below, are relevant to the issues and determinative of the appeal. Simply because an appellate court rejects appellant's contentions as unmeritorious does not deny him his right of appeal.

It is clear that appellant's issues are wholly without merit. Full briefing and oral argument could not materially aid this Court in their resolution. R. Utah Ct.App. 29(a). Accordingly, based upon well-settled principles of law, we conclude that respondents are entitled to summary affirmance.

The denial of appellant's petition for habeas corpus is affirmed.

JACKSON and GREENWOOD, JJ., concur.

ORME, Judge (dissenting):

I cannot agree that this court has jurisdiction over the instant appeal. I do not view this as an appeal from an order on petition for extraordinary writ "involving a criminal conviction," Utah Code Ann. § 78–2a–3(2)(g) (1988), but rather an appeal from an order on petition for extraordinary writ involving an extradition proceeding growing out of a parole violation which in turn involves a criminal conviction. These extra steps, in my mind, greatly strain the limit of the admittedly broad term "involve" as used in our jurisdictional statute.

Moreover, extradition is a unique enough procedure in the law that I assume the Legislature would have referred to it specifically if it intended that this court have any role in extradition proceedings. Absent such a reference in our jurisdictional statute, *see* Utah Code Ann. § 78–2a–3 (1988), and given its historical status as a constitutional matter involving the governors of states, it seems entirely likely the Legislature intended extradition to be within the original appellate jurisdiction of the Utah Supreme Court. *See* Utah Code Ann. § 78–2–2(j) (1988).

Finally, this court's jurisdiction over "appeals from orders on petitions for extraordinary writs involving a criminal conviction" is limited to those which are not convictions "involving a first degree or capital felony." Utah Code Ann. § 78–2a–3(2)(g) (1988). The latter terms refer to the scheme for classifying criminal offenses committed in Utah. *See* Utah Code Ann. § 76–3–102, –103 (1988). I fail to see how an *Idaho* offense can be considered under this classification scheme.

I would transfer this appeal to the Utah Supreme Court for lack of jurisdiction in this court. *See* R. Utah Ct.App. 4C.