**Philemon B. ELLIS, Petitioner and Appellant,**

v.

**Gary DeLAND, Director, Utah Department of Corrections, et al., Respondent.**

No. 890357–CA.

Court of Appeals of Utah.

Nov. 20, 1989.

Philemon B. Ellis, Draper, pro se.

Lyle Odendahl, Salt Lake City, for respondent.

MEMORANDUM DECISION

Before ORME, DAVIDSON and GARFF, JJ. (On Law and Motion).

PER CURIAM:

The issue we confront in this case is whether this court lacks jurisdiction in this appeal from the trial court's denial of a petition for an extraordinary writ. Based on our conclusion that this court lacks jurisdiction, we, upon our own motion, transfer this case to the Utah Supreme Court pursuant to R. Utah Ct.App. 4C.

Ellis was convicted in Arizona of fraud and burglary. After he began to serve his sentence, his mother, who lives in Utah, became sick. In May 1987, Ellis requested the Arizona Department of Corrections to transfer him to Utah so he could be closer to his mother. Subsequently, Ellis was transferred to Utah for reasons of "compassion," pursuant to an Interstate Compact Transfer Agreement. After Ellis arrived in Utah, his mother recovered. Ellis contacted the Arizona Department of Corrections and requested a return to Arizona. The Arizona Department of Corrections, after an initial indication it may do otherwise, ultimately denied his request. Ellis filed a writ of habeas corpus in Utah claiming that he was unlawfully and unconstitutionally confined in Utah and that he wished to be transferred to Arizona. The court denied Ellis' writ. This appeal followed.

According to Utah Code Ann. § 78–2a–3(2)(g) (Supp.1989), this court has original appellate jurisdiction over "appeals from orders on petitions for extraordinary writs *involving a criminal conviction,* except those involving a first degree or capital felony." (Emphasis added.) In *Hernandez v. Hayward,* 764 P.2d 993 (Utah Ct.App.1988), a panel of this court, one judge dissenting, concluded that this court had jurisdiction of an appeal from the denial of an extraordinary writ involving extra-

dition to Idaho for a parole violation. The court reasoned that it had jurisdiction under section 78–2a–3 because the statutory language "is deliberately and sufficiently broad to include those cases where a criminal conviction is *involved* in a habeas corpus proceeding to challenge extradition." *Id.* at 995. However, one member of this court dissented in that case, stating:

> I do not view this as an appeal from an order on petition for extraordinary writ "involving a criminal conviction," ... but rather an appeal from an order on petition for extraordinary writ involving an extradition proceeding growing out of a parole violation which in turn involves a criminal conviction. These extra steps, in my mind, greatly strain the limit of the admittedly broad term "involve" as used in our jurisdictional statute.

*Id.* at 996. (Orme, J., dissenting).

We agree with the rationale behind the dissent in *Hernandez* and hold that this court lacks original appellate jurisdiction of this appeal from the denial of an extraordinary writ involving an interstate transfer of a prisoner which bears no relation to his underlying criminal conviction, except that "but for" the conviction, he would not have been incarcerated in Arizona and then transferred to Utah. It is also unclear whether this court has jurisdiction in this case under section 78–2a–3(2)(g) because the underlying conviction arose under Arizona law and it is unclear whether these convictions should be considered as other than first degree felonies under the scheme by which criminal jurisdiction is allocated between this court and the Utah Supreme Court. *See Hernandez*, 764 P.2d at 996 (Orme, J., dissenting) (scheme for classifying offenses is geared to Utah law; offenses committed out-of-state are not necessarily classifiable under Utah scheme). We therefore order this case transferred to the Utah Supreme Court pursuant to R. Utah Ct.App. 4C.

All concur.