**STATE of Utah, Plaintiff and Respondent,**

v.

**Ricky PALMER, Defendant and Appellant.**

**No. 890583–CA.**

Court of Appeals of Utah.

Jan. 12, 1990.

James C. Bradshaw, Salt Lake City, for defendant and appellant.

R. Paul Van Dam, Salt Lake City, for plaintiff and respondent.

Before ORME, GARFF and DAVIDSON, JJ. (On Law and Motion).

MEMORANDUM DECISION

PER CURIAM:

Defendant Ricky Palmer has appealed his conviction of retail theft, a third degree felony. He challenges the legality of a stomach X-ray administered at the request of an investigating police officer to determine whether Palmer ingested a diamond ring while at a retail store.

Based upon this issue raised in defendant's docketing statement, we gave notice of sua sponte consideration of summary disposition of the appeal. Both parties have objected to summary disposition for essentially the same reason—that the record has not yet been filed. We reject their arguments against summary disposi-

tion as explained below. However, after our review of the entire record and consideration of the relevant legal authorities, we conclude that the issue does not merit summary disposition at this stage of the appeal. Therefore, a ruling on all issues is deferred until after briefing.

We do not typically require a published opinion to explain our declination to summarily dispose of an appeal. However, in this case we desire to address the arguments of counsel and explain our application of summary proceedings under R.Utah Ct.App. 10.

■■■■■ Appellant argues that R.Utah Ct. App. 10 governing summary disposition denies him his constitutional right of appeal. There is no question that defendant has a right of appeal under article I, section 12 of our Utah Constitution. *State v. Johnson*, 635 P.2d 36 (Utah 1981); *see also* Utah Constitution, art. VIII, § 5. That right is not denied when appellant files a notice of appeal, has an adequate opportunity to present his arguments to the appellate court with supporting authority, and the issues, arguments, and record are all considered and determined by an impartial panel of judges in accordance with applicable statutes and rules. Appellant is not afforded less by summary disposition. As we held in *Hernandez v. Hayward*, 764 P.2d 993, 996 (Utah Ct.App.1988), simply because the appellate court chooses to reject appellant's arguments in a summary proceeding does not deny him his right of appeal. *See also Hudson v. State*, 89 N.M. 759, 760, 557 P.2d 1108, 1109 (1976), *cert. den.* 431 U.S. 924, 97 S.Ct. 2198, 53 L.Ed.2d 238 (1977) (A defendant is not deprived of his state constitutional right of appeal by summary disposition proceeding in the court of appeals); *cf. Wycalis v. Guardian Title of Utah*, 780 P.2d 821, 824 (Utah Ct.App.1989) ("Summary disposition of lawsuits is a valuable and necessary tool in a judicial system such as ours, which strives for the efficient and timely resolution of

legal disputes", affirming a summary judgment).

■■■■ Defendant may appeal, and has appealed in this case, but he does not have the immutable constitutional right to unlimited review, unfettered by the statutes and rules that regulate the appellate process. *Id.; Hernandez*, 764 P.2d at 996. For example, article I, section 12 does not provide that appellant or respondent shall have a right to oral argument, even though oral argument may be generally allowed. Oral argument of a criminal appeal is not allowed when, under rule 10, there is a jurisdictional defect or the issues are so insubstantial as to not merit further review. Argument may also not be permitted after briefing when, under R.Utah Ct.App. 29(a), the court considers the appeal to be frivolous or believes that argument is unnecessary because the issues and arguments have already been authoritatively decided and adequately presented in the briefs. In those cases, oral argument would not significantly aid our decision.[1]

For its part, the State objects to summary disposition because the hearing transcript had not yet been filed. We emphasize that when we consider possible summary disposition, whether by sua sponte notice or by a party's motion, summary reversal or affirmance is rarely, if ever, granted without our complete review of all pertinent portions of the record designated on appeal, including any hearing transcripts made part of the record. Therefore, when summary disposition is considered in criminal matters, we await the filing of all designated trial and hearing transcripts and will review them before determining whether summary affirmance or reversal is appropriate.

■■■■ Even when summary dismissal is considered on jurisdictional grounds, those portions of the record which appear pertinent to the jurisdictional issue are con-

---

1. Federal Rule of Appellate Procedure 34 similarly permits an appeal to be decided without oral argument if the issues have been authoritatively decided or when the facts and legal arguments are adequately presented in the briefs. The decision whether to grant oral argument is, under that federal rule, completely within the discretion of the court. *See Glick v. Koenig*, 766 F.2d 265, 270 n. 3 (7th Cir.1985).

sidered. Generally, it is not proper for a party to argue in response to a motion for, or notice of, summary disposition that a determination under rule 10 is inappropriate because the record has not yet been filed. If additional time is needed to respond after reviewing the record or to secure completion and filing of a transcript, then such additional time should be requested under R.Utah Ct.App. 22(b).

In this case, we have followed the above-described procedure and have considered the evidence after the transcript was filed. As we noted above, and without expressing any view on the merits of the appeal, we conclude that summary disposition is inappropriate at this stage of the proceedings. Accordingly, the parties should proceed with the appeal process, including full briefing.

It is therefore ORDERED that Appellant's brief be filed on or before Monday, February 12, 1990. Respondent's brief shall be filed thereafter in accordance with R.Utah Ct.App. 26(a).

GARFF and DAVIDSON, JJ., concur.

ORME, J., concurs in the result.