**Roy E. BALDWIN, Plaintiff and Appellant,**

v.

**STATE of Utah, and Warden, Defendants and Appellees.**

**No. 920551–CA.**

Court of Appeals of Utah.

Dec. 1, 1992.

Roy E. Baldwin, pro se.

R. Paul Van Dam, State Atty. Gen., and David B. Thompson, Asst. Atty. Gen., Salt Lake City, for defendants and appellees.

Before BENCH, GARFF and RUSSON, JJ.

## OPINION

RUSSON, Judge:

Roy E. Baldwin appeals the district court's order denying him habeas corpus relief from a governor's warrant issued by the State of California. We affirm.

Baldwin was charged as a fugitive from justice under Utah Code Ann. § 77–30–13 (1990) on the basis of a governor's warrant issued by the State of California. He subsequently filed a petition for extraordinary

relief under Utah Rule of Civil Procedure 65B, alleging that California lacked personal jurisdiction over him for purposes of a governor's warrant.

After a hearing on Baldwin's motion, the district court made the following findings: (1) Baldwin was in custody, having been charged as a fugitive from justice under section 77–30–13; (2) Baldwin had been served with a governor's warrant from California; (3) California had properly filed extradition documents; (4) from the extradition documents, it appeared that Baldwin was charged with a criminal offense in California; (5) Baldwin admitted in open court that he is the person named in the extradition documents and the governor's warrant; and (6) Baldwin's claim that California lacks personal jurisdiction over him is without merit. The district court then denied Baldwin habeas corpus relief based on its determination that the extradition documents were in order and that Baldwin was the person named in those documents.

Baldwin appeals, claiming that the district court erred in denying him habeas relief based on its determination that the governor's warrant issued by the State of California is valid.

The standard of review for habeas corpus cases is well settled:

> On appeal from denial of habeas corpus relief, "we survey the record in the light most favorable to the findings and judgment; and we will not reverse if there is a reasonable basis therein to support the trial court's refusal to be convinced that the [petition for extraordinary relief] should be granted."

*Bundy v. DeLand,* 763 P.2d 803, 805 (Utah 1988) (quoting *Velasquez v. Pratt,* 21 Utah 2d 229, 232, 443 P.2d 1020, 1022 (1968)); *accord Medina v. Cook,* 779 P.2d 658, 658 (Utah 1989).

■ Although Baldwin may challenge his extradition proceedings in Utah by seeking extraordinary relief, he may do so solely on the grounds that: (1) the extradition documents are deficient on their face, (2) he has not been charged with a crime in California, (3) he is not the same person as named in the extradition documents, or (4)

he is not a fugitive from California. *California v. Superior Court,* 482 U.S. 400, 408, 107 S.Ct. 2433, 2438–39, 96 L.Ed.2d 332 (1987); *accord Michigan v. Doran,* 439 U.S. 282, 289, 99 S.Ct. 530, 535, 58 L.Ed.2d 521 (1978); *Emig v. Hayward,* 703 P.2d 1043, 1046 (Utah 1985); *Hernandez v. Hayward,* 764 P.2d 993, 995 (Utah App.1988); *see generally* Utah Code Ann. §§ 77–30–1 to –28 (1990). Moreover, the Supreme Court has held that "extradition proceedings are ... 'emphatically' not the appropriate time or place for entertaining defenses...." *California v. Superior Court,* 482 U.S. at 407–08, 107 S.Ct. at 2438 (citations omitted).

■ In the case at bar, Baldwin did not challenge the extradition documents as deficient, nor argue that he has not been charged with a crime in California, nor claim that he is not a fugitive from California, nor deny that he was the same person as named in the extradition documents. Instead, he attempted to contest only the personal jurisdiction of California, a matter clearly beyond the ambit of an extradition proceeding. Therefore, reviewing the record in the light most favorable to the findings and judgment, we conclude that the trial court's denial of Baldwin's petition for extraordinary relief under Utah Rule of Civil Procedure 65B was reasonable. Accordingly, we affirm.

BENCH and GARFF, JJ., concur.