**Charles W. WEBB, Petitioner and Appellant,**

v.

**Fred VAN DER VEUR, Warden, Central Utah Correctional Facility, Respondent and Appellee.**

No. 920436–CA.

Court of Appeals of Utah.

May 18, 1993.

Certiorari Denied Aug. 24, 1993.

Charles W. Webb, Gunnison, pro se.

Jan Graham and David B. Thompson, Salt Lake City, for respondent and appellee.

Before BILLINGS, GARFF and GREENWOOD, JJ.

GARFF, Judge:

Charles W. Webb appeals the denial of his petition for writ of habeas corpus. We affirm.

Webb was convicted in Third District Court of aggravated robbery, a first degree felony, in violation of Utah Code Ann. § 76–6–302 (1978). The trial court sentenced him to an indeterminate prison term of five years to life, enhancing the sentence for use of a firearm. This court, in an extensive opinion, upheld Webb's conviction. *See State v. Webb*, 790 P.2d 65 (Utah App.1990).

Webb is an inmate at the Central Utah Correctional Facility in Gunnison, Sanpete County, Utah. In December 1991, Webb petitioned for a writ of habeas corpus with the Utah Supreme Court. Shortly thereafter, the court referred the petition to the Sixth District Court for Sanpete County. Upon receipt, the Sixth District Court informed the parties that all future filings should be made to the Sanpete County Clerk.

After reviewing the petition, the trial court, in February 1992, dismissed as frivolous [1] all claims in the petition except one, which was based on an alleged ruling by the trial court regarding the inadmissibility of evidence concerning putative bad acts of witnesses. The State subsequently moved to dismiss the remaining claim contending that it could and should have been raised on direct appeal. The court granted the motion to dismiss, after which Webb appealed.

On appeal, Webb claims that his constitutional rights were violated by a ruling at

---

1. *See* Utah Rule of Civil Procedure 65B(b)(7), which provides in relevant part:

On review of the petition, if it is apparent to the court that the issues presented in the petition have already been adjudicated in a prior proceeding, or if for any other reason any claim in the petition shall appear frivolous on its face, the court shall forthwith issue an order dismissing the claim, stating that the claim is frivolous on its face.... The order of dismissal need not recite findings of fact or conclusions of law.

trial regarding the inadmissibility of evidence concerning putative bad acts of witnesses, prosecutorial misconduct, ineffective assistance of counsel, seizure of evidence, and firearm enhancement of his sentence. For the first time on appeal, Webb also claims that the trial court did not have jurisdiction to consider his petition.

The applicable standard of review is well-settled:

On appeal from denial of habeas corpus relief, "we survey the record in the light most favorable to the findings and judgment; and we will not reverse if there is a reasonable basis therein to support the trial court's refusal to be convinced that the writ should be granted."

*Bundy v. DeLand,* 763 P.2d 803, 805 (Utah 1988) (quoting *Velasquez v. Pratt,* 21 Utah 2d 229, 232, 443 P.2d 1020, 1022 (1968)); *accord Medina v. Cook,* 779 P.2d 658, 658–59 (Utah 1989); *Baldwin v. State,* 842 P.2d 927, 928 (Utah App.1992).

■ "Habeas corpus proceedings may be used to attack a judgment or conviction on the ground that an obvious injustice or a substantial denial of a constitutional right occurred at trial." *Fernandez v. Cook,* 783 P.2d 547, 549 (Utah 1989). Notwithstanding, habeas corpus is not available to raise issues that could have been but were not raised on direct appeal from a conviction unless the petitioner establishes "unusual circumstances." *Codianna v. Morris,* 660 P.2d 1101, 1104 (Utah 1983); *accord Gerrish v. Barnes,* 844 P.2d 315, 319 (Utah 1992).

With the exception of the jurisdictional issue, the issues raised by Webb in his petition are either issues that were previously raised and dealt with on direct appeal or issues that could have been but were not raised on appeal from his conviction. As to the issues that could have been raised on appeal, Webb makes no showing concerning the existence of unusual circumstances justifying the failure to raise them.

■ Turning to the jurisdictional issue, Webb, citing Utah Rule of Civil Procedure 65B(b)(1) and (2), contends that the Sixth District Court did not have jurisdiction over his petition because it is not the court in which the commitment leading to confinement was issued. Webb's argument is meritless.

Utah Rule of Civil Procedure 65B(b)(2) provides:

The proceeding shall be commenced by filing a petition, together with a copy thereof, with the clerk of the court in which the commitment leading to confinement was issued, except that the court may order a change of venue on motion of a party for the convenience of the parties or witnesses.

However, Utah Rule of Appellate Procedure 20(a) provides in relevant part:

If a petition for a writ of habeas corpus is filed in the appellate court or submitted to a justice or judge thereof, it will be referred to the appropriate district court unless it is shown on the face of the petition to the satisfaction of the appellate court that the district court is unavailable or other exigent circumstances exist.

All district courts have subject-matter jurisdiction over habeas corpus petitions. *See* Utah Constitution, article VIII, section 5 and Utah Code Ann. § 78–3–4(1) and (2) (establishing original jurisdiction in district courts over all matters civil and criminal and authority in district courts to issue all extraordinary writs). Construing Rules 20(a) and 65B(b)(2) together, the Utah Supreme Court appropriately referred or transferred Webb's petition for writ of habeas corpus to the Sixth District Court because Webb was currently confined at the Central Utah Correctional Facility located in Gunnison, Utah, which is served by the Sixth District Court.

Furthermore, by voluntarily and intentionally pursuing habeas corpus relief in the Sixth District Court after being notified of the transfer by both the Utah Supreme Court and the Sixth District Court, Webb is estopped from objecting to the Sixth District Court assuming jurisdiction. *See*

*State v. Telford*, 93 Utah 228, 234–35, 72 P.2d 626, 629 (Utah 1937) (holding that party requesting assumption of jurisdiction by district court was estopped to object thereto where court had judicial capacity to hear case).

Accordingly, we affirm the district court's denial of Webb's petition for writ of habeas corpus. We therefore deny Webb's motion to supplement the record.

BILLINGS and GREENWOOD, JJ., concur.