67 F.3d 312
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Charles W. WEBB, Petitioner-Appellant,
v.
Fred VAN DER VEUR, Respondent-Appellee.
 No. 94-4270.
 United States Court of Appeals, Tenth Circuit.
 Sept. 26, 1995.
 
 ORDER AND JUDGMENT[1]
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.[2]
 BALDOCK, Circuit Judge.
 
 
 1
 Petitioner Charles W. Webb, appearing pro se, appeals the district court's dismissal of his 28 U.S.C. 2254 petition for a writ of habeas corpus. We exercise jurisdiction under 28 U.S.C. 1291 and affirm.[3]
 
 
 2
 In 1988, Petitioner was convicted of aggravated robbery in Utah state court and received an indeterminate term of imprisonment of five years to life. Petitioner received a one-year mandatory minimum firearm enhancement and a one-to-five-year firearm enhancement. On direct appeal, the Utah Court of Appeals affirmed Petitioner's conviction, but remanded the case to the trial court to reduce the firearm enhancement to a total of five years. State v. Webb, 790 P.2d 65 (Utah Ct.App.1990). Petitioner did not seek certiorari review from the Utah Supreme Court of his direct appeal.
 
 
 3
 In 1991, Petitioner filed a petition for a writ of habeas corpus in Utah state court. The Utah state court dismissed Petitioner's state habeas petition. On appeal, the Utah Court of Appeals affirmed the state district court's dismissal of Petitioner's habeas petition, holding that the issues raised were either claims that were previously raised and litigated on direct appeal, or claims that should have been raised on direct appeal. The court further determined that Petitioner failed to show unusual circumstances justifying the failure to raise the claims that should have been raised on direct appeal. Webb v. Van Der Veur, 853 P.2d 898, 899 (Utah Ct.App.1993). On August 23, 1993, the Utah Supreme Court denied certiorari review of Petitioner's state habeas petition.
 
 
 4
 On October 22, 1993, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 in the district court. In his petition, Petitioner argued: (1) the trial court's protective order regarding putative bad acts of witnesses violated his Sixth Amendment right of confrontation; (2) his trial counsel was ineffective due to a conflict of interest, and because she withheld transcripts, failed to actively pursue a motion to sever, failed to pursue a motion to suppress, and failed to cross-examine Petitioner's co-defendant; (3) insufficient evidence supported his conviction; (4) his sentence was erroneously enhanced based on an improper firearm enhancement; (5) the prosecutor committed misconduct by failing to disclose certain information and by expressing personal opinions and alluding to facts not in evidence during closing argument; and (6) an illegal search of his apartment and seizure of evidence violated the Fourth Amendment. Respondent moved for summary judgment.
 
 
 5
 The district court referred the matter to a magistrate judge who recommended that the district court grant Respondent's motion for summary judgment. Specifically, the magistrate judge concluded that Petitioner had procedurally defaulted on the first five issues in state court under Coleman v. Thompson, 501 U.S. 722, 750 (1991), and that the remaining Fourth Amendment issue received full and fair review in state court and was therefore precluded from federal habeas review under Stone v. Powell, 428 U.S. 465, 494 (1976).
 
 
 6
 Petitioner objected to the magistrate's report and recommendation. On December 16, 1994, the district court partially accepted the magistrate's report and recommendation. The district court concluded that the state procedural bar doctrine did not preclude federal review of the first five grounds Petitioner raised for federal habeas relief. Consequently, the district court examined the issues raised by Petitioner and determined that he was not entitled to federal habeas relief on the merits. Finally, the district court adopted the magistrate's conclusion that Petitioner's claims under the Fourth Amendment were barred from federal habeas review under Stone v. Powell. The district court therefore accepted the recommendation of the magistrate judge, granted summary judgment in favor of Respondent, and dismissed the petition. This appeal followed.[4]
 
 
 7
 On appeal, Petitioner contends the district court erred in dismissing his 2254 petition. We have reviewed the briefs of the parties, the magistrate judge's proposed findings and recommended disposition, the district court's order, and the entire record before us. Based upon our review of the record, we find no reversible error and AFFIRM the district court's dismissal of Petitioner's 2254 petition.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 [3]
 We grant Petitioner's motion for a certificate of probable cause and dispose of his appeal on the merits. Grant v. Patterson, 391 U.S. 464, 466 (1967). We also grant Petitioner's motion for leave to proceed in forma pauperis
 
 
 [4]
 On January 12, 1995, this court notified Petitioner that his opening brief was due February 13, 1995. On January 23, 1995, Petitioner filed the brief he filed in support of his habeas petition in the district court as his opening appellate brief in this appeal. On January 26, 1995, Petitioner filed a "Motion to Suspend Appeal" wherein he requested a suspension of the appeal because he would be transported from state prison in Utah to state prison in Wisconsin, and would be "unable to prepare his Brief or any legal litigation that is due in this case." On May 19, 1995, Petitioner filed his reply brief. Because Petitioner's brief in support of his habeas petition and his reply brief sufficiently argue the merits of the issues he raises on appeal, we deny his "Motion to Suspend Appeal."