**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 14 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

PAUL SANWICK,

      Petitioner-Appellant,

v.

SCOTT CARVER, Warden, Utah State
Prison,

      Respondent-Appellee.

No. 99-4075
(D. Utah)
(D.Ct. No. 94-518-B)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **EBEL**, and **LUCERO**, Circuit Judges.

_____

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

_____

     [*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Paul Sanwick appeals the district court's decision dismissing his habeas corpus petition, filed pursuant to 28 U.S.C. § 2254, as procedurally barred. We deny Mr. Sanwick a certificate of probable cause[1] and dismiss his appeal.

The State of Utah charged Mr. Sanwick with ten counts of rape and sexual abuse of his two minor daughters. Mr. Sanwick entered a plea of guilty to one count of first degree felony rape in exchange for dismissal of the remaining counts. *See State v. Sanwick*, 713 P.2d 707, 708 (Utah 1986). The state trial court sentenced him to five years to life. *Id.* Mr. Sanwick filed a direct appeal claiming the trial court improperly relied on hearsay statements and precluded him from confronting his two daughters at sentencing. *Id.* The Utah Supreme Court affirmed his sentence. *Id.* at 709.

Mr. Sanwick next filed a "Motion for Court to Refuse Unlawful Plea" with the trial court, renewing his argument that the court improperly relied on

---

[1] Mr. Sanwick, who originally filed his petition May 20, 1994, and prior to enactment of the Anti-Terrorism Effective Death Penalty Act of 1996, did not request a certificate of probable cause, and the district court made no ruling thereon. Under our Emergency General Order of October 1, 1996, we deem the district court's failure to issue a certificate of probable cause within thirty days after filing the notice of appeal as a denial of a certificate. *See United States v. Riddick*, 104 F.3d 1239, 1241 n.2 (10th Cir. 1997), *overruled on other grounds, United States v. Kunzman*, 125 F.3d 1363 (10th Cir. 1997). Accordingly, we construe the appeal as Mr. Sanwick's request to this Court for a certificate of probable cause. *Id.*

inaccurate information, and precluded him from confronting his daughters at sentencing. He also alleged his guilty plea was coerced, involuntary and uninformed, and his conviction should have been for second, rather than first, degree rape. The trial court denied the motion, holding Mr. Sanwick either raised these claims, or should have raised them, on direct appeal. The Utah Supreme Court summarily affirmed the trial court ruling, stating simply "[t]he court ... affirms the trial court judgment on its own motion, inasmuch as it plainly appears that no substantial question is presented" (citing Utah Rule of Appellate Procedure 10(e)).[2]

Thereafter, Mr. Sanwick filed an amended § 2254 petition, renewing essentially the same claims raised in the state courts.[3] As to his first degree rape conviction, he claimed: (1) the state court lacked jurisdiction because the state repealed the first degree rape statute under which he received his conviction; (2)

---

[2] Utah Rule of Appellate Procedure 10(e) states:

> The court, upon its own motion, and on such notice as it directs, may dismiss an appeal or petition for review if the court lacks jurisdiction; or may summarily affirm the judgment or order which is the subject of review, if it plainly appears that no substantial question is presented; or may summarily reverse in cases of manifest error.

[3] Mr. Sanwick admitted as much in his petition: "All issues presented herein were presented in first [state] appeal and/or Motion for Court to Refuse Unlawful Plea."

he was indicted and pled guilty to second degree felony rape – not first degree felony rape; and (3) the court applied the first degree felony rape statute *ex post facto* and unconstitutionally because the state only charged him with second degree felony rape. Likewise, he reiterated his argument the court unconstitutionally sentenced him based on inaccurate testimony and without allowing him to examine his daughters at sentencing. He also renewed his argument stating his guilty plea was unknowing, involuntary and induced while under the influence of psychotropic drugs. Lastly, Mr. Sanwick requested an evidentiary hearing on his petition.

The district court referred Mr. Sanwick's petition to a federal magistrate judge who recommended dismissing the petition. The magistrate judge noted the state court determined his claims were procedurally barred as either previously litigated on direct appeal or because they should have been raised on direct appeal. The magistrate judge further found Mr. Sanwick failed to show "cause and prejudice" for his procedural default, or a miscarriage of justice enabling the court to review his petition. Finally, the magistrate judge recommended denying Mr. Sanwick's request for an evidentiary hearing, stating he failed to proffer specific facts supporting a finding the requisite exceptions of "cause and prejudice" or miscarriage of justice existed. The district court adopted the

-4-

magistrate judge's report and recommendation, granted the government's motion to dismiss, and denied the petition.

Mr. Sanwick now appeals the district court's decision. Because Mr. Sanwick filed his habeas petition before enactment of the Anti-Terrorism Effective Death Penalty Act, we apply pre-amendment standards of review. *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir.), *cert. denied*, 119 S. Ct. 378 (1998). We review the legal basis for the district court's dismissal of Mr. Sanwick's petition *de novo*. *Id.* In so doing, we afford deference to the state court's construction of state law. *Id.*

Mr. Sanwick begins his appeal by asserting the district court erred in determining the state trial court dismissed his motion as procedurally barred. Instead, Mr. Sanwick contends the Utah Supreme Court – the last state court rendering a judgment in his case – dismissed it on its merits and not on procedural default. Mr. Sanwick premises this contention on the Utah Supreme Court's decision which, citing Rule 10(e), determined he "failed to present a substantial question for review." He relies on a Utah Supreme Court case, *Hernandez v. Hayward*, 764 P.2d 993, 996 (Utah Ct. App. 1988), which states "[s]ummary affirmance under Rule 10 is a determination of the appeal on its merits." Because

the last state court decided his case on the merits, he contends his claims are not procedurally.

The federal magistrate judge addressed this issue, relying on *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991), and finding that "where, as here, the *last reasoned opinion* explicitly imposes a procedural default, this court presumes that the later summary decision by the Utah Supreme Court did not silently disregard that procedural bar and consider the claims on the merits." (Emphasis added.) Under *Ylst*, the Utah Supreme Court's unexplained denial of a habeas petition is not sufficient to lift an explicit procedural bar invoked by the trial court – the last reasoned state opinion on his claims. 501 U.S. at 803-04. Therefore, we agree Mr. Sanwick failed to overcome the presumption of the procedural bar because he failed to carry his "burden of adducing strong evidence" the Utah Supreme Court reached the merits of his federal claims. *Id.* at 806. Accordingly, Mr. Sanwick's claims are barred unless he can establish "cause and prejudice" for the default or show a "miscarriage of justice" will occur if his claims are not considered. *Id.*; *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

In order to establish "cause and prejudice," Mr. Sanwick must show "some objective factor external to the defense impeded [his] efforts to comply with the

State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Examples under this standard include a showing the factual or legal basis for a claim was not reasonably available to him or some interference by officials made compliance impracticable. *Id.* Mr. Sanwick laments he met the "cause and prejudice" requirement by showing the state arbitrarily transformed his "Motion for Court to Refuse Unlawful Plea" into a motion to withdraw his plea. He claims this caused him prejudice by not allowing him to invoke numerous constitutional rights "entangled" in the plea arrangement. We find Mr. Sanwick's contention strained as it merely invokes the semantics of how he titled his motion and does not focus on how the state's mere assessment of his motion could in any way impede his efforts to comply with state procedural requirements.

Mr. Sanwick also claims he established "cause" because the prosecution improperly sought conviction for first degree rape instead of second degree rape, as pled in his guilty plea. He claims this "prosecutorial misconduct," external to his defense, impeded his efforts. However, Mr. Sanwick fails to show how any external force impeded him from raising the alleged error during sentencing. On appeal, he summarily states he "was never informed as to what specific crime he was charged with or the elements necessary to establish the crime," but we find nothing in the record to help us evaluate whether the state court advised him of

the charge for which he received his conviction and sentence. When an appellant, such as Mr. Sanwick, asserts his sentence should be reversed because of a particular error, and the record does not permit us to evaluate it, we will generally refuse to consider it. *See United States v. Vasquez*, 985 F.2d 491, 495 (10th Cir. 1993). In this case, where Mr. Sanwick is collaterally attacking the voluntariness of his guilty plea, we find his conclusory statement he lacked information on the crime charged, without more, insufficient to meet his burden of establishing "cause" for his procedural default.

As to the "miscarriage of justice" exception for procedural default, Mr. Sanwick does not make a claim of innocence, nor present a colorable showing of innocence as required to succeed on a "miscarriage of justice" claim. *See Herrera v. Collins*, 506 U.S. 390, 404 (1993). Finally, Mr. Sanwick contends he is entitled to an evidentiary hearing because the allegations in the petition, if proved, entitle him to relief. However, it is well-established that where, as here, state procedural default is at issue, Mr. Sanwick must develop evidence in the state court showing "cause and prejudice" in order to succeed on a request for an evidentiary hearing on a § 2254 petition. *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 11 (1992). Mr. Sanwick fails to show he developed such evidence or that a fundamental miscarriage of justice would result from a failure to hold a federal

evidentiary hearing. *Id.*

In order to obtain a certificate of probable cause, Mr. Sanwick must make a substantial showing of a denial of a federal right. *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983). He fails to do so.

For these reasons, we deny Mr. Sanwick's request for a certificate of probable cause and **DISMISS** his appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge