2020 UT App 80

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
HOPE TUAKA NPIMNEE,
Appellant.

Per Curiam Opinion
No. 20200074-CA
Filed May 29, 2020

Seventh District Court, Monticello Department
The Honorable Don Torgerson
No. 201700007

K. Andrew Fitzgerald, Attorney for Appellant

Alex J. Goble and Kendall G. Laws, Attorneys
for Appellee

Before JUDGES GREGORY K. ORME, MICHELE M. CHRISTIANSEN
FORSTER, and RYAN M. HARRIS.

PER CURIAM:

¶1 Hope Tuaka Npimnee was charged with one count of possession of a controlled substance, a class A misdemeanor, one count of possession of a controlled substance, a class B misdemeanor, and one count of possession of drug paraphernalia, a class B misdemeanor. Npimnee filed a motion seeking "discovery" intended to compel the State to enter into plea negotiations. The district court ordered the State to comply with Npimnee's discovery request but clarified that the court would not become involved in plea negotiations. On January 16, 2020, Npimnee filed a second pro se motion requesting that an arraignment be held on January 20, 2020, "because I would possibly like to respectfully enter a plea in abeyance to all charges (or no contest) if prosecution agrees to stay prison for

concurrent probation in case no. 191700135 [and] case no. 191700213." The State responded that negotiations would take place after the court held an initial appearance but that a plea in abeyance would not be offered. The court again denied the motion on the basis that the court does not participate in settlement negotiations and could not force the State to negotiate with Npimnee. On January 17, 2020, Npimnee filed a pro se notice of appeal from the denial of his motion for arraignment.

¶2     At his first appearance in this case, Npimnee wanted to resolve the case "today" and stated that he wished to represent himself. Based upon a colloquy and the court's previous experience with Npimnee, the court found that the decision to represent himself was made voluntarily and that he understood the consequences of representing himself and not having the assistance of an attorney. The prosecutor made a plea offer in open court for Npimnee to plead guilty to the two class B misdemeanor charges, and, in exchange, the State would dismiss the class A misdemeanor charge. The State further agreed to recommend that the sentences could run concurrently to sentences that Npimnee was currently serving. Npimnee accepted the offer and asked to be sentenced immediately. The district court found that the guilty pleas were knowing and voluntary and that Npimnee waived the time for sentencing.

¶3     The district court sentenced Npimnee to six months in jail on each of the two class B misdemeanors in this case with the sentences, if served, to run concurrently with each other but consecutively to the sentences in cases 191700213 and 191700135.[1] The court suspended all jail time, placing Npimnee

---

1. In case number 191700213, Npimnee pled no contest to witness tampering, a third-degree felony, and was sentenced to zero to five years in prison. In case number 191700135, Npimnee pled guilty to possession of a controlled substance and

(continued…)

on court-supervised probation for twenty-four months on the same terms as in his other cases. Accordingly, the conditions of probation in all three cases included serving sixty days in jail, as well as obtaining a drug and alcohol assessment, domestic violence counseling, and a mental health assessment, and completing any recommended treatments.

¶4 The only notice of appeal filed in this case complained that the court denied his "motion for arraignment." No further notice of appeal was filed from the final judgment and sentence. Npimnee entered a guilty plea and did not move to withdraw the plea. It follows that Npimnee waived any issues regarding the interlocutory order denying his motion for arraignment when he entered his guilty plea. "The general rule applicable in criminal proceedings, and the cases are legion, is that by pleading guilty, the defendant is deemed to have admitted all of the essential elements of the crime charged and thereby waives all non-jurisdictional defects, including alleged pre-plea constitutional violations." *State v. Parsons*, 781 P.2d 1275, 1278 (Utah 1989); *see also State v. Rhinehart*, 2007 UT 61, ¶ 15, 167 P.3d 1046 ("Except in those instances in which errors affect the court's jurisdiction or where claims of error are expressly preserved for appeal, a conviction or guilty plea acts as a waiver of earlier procedural flaws.").

¶5 Soon after the appeal was docketed, this court, on its own motion, sent out a notice indicating that the case was being considered for summary disposition. In response, Npimnee's appellate counsel argues that the sua sponte motion for summary disposition is premature because he must be allowed

---

(…continued)
obstructing justice, both class A misdemeanors; to possession of a controlled substance and possession of drug paraphernalia, both class B misdemeanors; and to a traffic infraction.

the opportunity to file a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). However, counsel's response appears to be based upon a misconception of the summary disposition procedure. Our appellate courts have held that a criminal defendant is not denied the constitutional right to appeal by a summary disposition procedure. *See State v. Palmer*, 786 P.2d 248, 249 (Utah Ct. App. 1990); *see also Brown v. Glover*, 2000 UT 89, ¶ 17, 16 P.3d 540 (confirming the rationale of the court of appeals that the right to appeal is not denied when a case is determined by summary disposition). While *Anders*, as adopted by *State v. Clayton*, 639 P.2d 168 (Utah 1981), describes a procedure that may be utilized by appointed counsel when faced with a potentially frivolous criminal appeal, those decisions do not mandate allowing a case–otherwise subject to summary disposition–to go forward for the purpose of allowing counsel an opportunity to file an *Anders* brief.

> Appellant argues that [Utah Rule of Appellate Procedure 10] governing summary disposition denies him his constitutional right of appeal. There is no question that defendant has a right of appeal under article 1, section 12 of our Utah Constitution. That right is not denied when appellant filed a notice of appeal, has an adequate opportunity to present his arguments to the appellate court with supporting authority, and the issues, arguments, and record are all considered and determined by an impartial panel of judges in accordance with applicable statutes and rules. Appellant is not afforded less by summary disposition.

*Palmer*, 786 P.2d at 249 (quotation simplified). A defendant "does not have the immutable constitutional right to unlimited review, unfiltered by the statutes and rules that regulate the appellate process." *Id.* This court emphasized in *Palmer* that when a case is considered for possible summary disposition, "reversal or

affirmance is rarely, if ever, granted without our complete review of all pertinent portions of the record." *Id.* "Therefore, when summary disposition is considered in criminal matters, we await the filing of all designated trial and hearing transcripts and will review them before determining whether summary affirmance or reversal is appropriate." *Id.*

¶6    Accordingly, because it is well-settled that a party, including a criminal defendant, has no "immutable constitutional right" to file a regular appellate brief, or have oral argument, when this court has determined that summary disposition procedures are warranted, this principle applies with equal force when an appointed attorney seeks an opportunity to employ the *Anders* procedures. *See id.*

¶7    This court afforded Npimnee an opportunity to present his issues and arguments in a summary disposition procedure, which this court and the Utah Supreme Court have concluded satisfies the constitutional right to appeal. The court also awaited the filing of the designated transcript in this case and has reviewed it. Based upon that review, we conclude that the issues in this appeal are insubstantial, and that summary affirmance is appropriate. Npimnee pleaded guilty to two class B misdemeanors pursuant to a plea bargain. Npimnee did not move to withdraw his guilty plea and asked to be sentenced immediately. He received a sentence that was within the statutory range for his offenses. The jail sentence was stayed, and he was placed on probation on the same terms as in his other two cases, which is what he requested. This court is not required to defer its disposition of the case until after counsel has filed a brief per the *Anders* procedure. In this case, we have determined that the appeal presents an insubstantial question and therefore that the judgment and sentence may be summarily affirmed under rule 10 of the Utah Rules of Appellate Procedure. *See* Utah R. App P. 10(a)(2) (stating the court "may summarily

affirm the judgment or order that is the subject of review if it plainly appears that no substantial question is presented").

¶8     Affirmed.

_____